**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

AMERICAN SOCIETY FOR THE  :
PREVENTION OF CRUELTY   :
TO ANIMALS,        :
            :
    *Plaintiff,*    :
v.           :  Civil Action No. _____
            :
THE ANIMAL AND PLANT HEALTH :
INSPECTION SERVICE, and THE  :
UNITED STATES DEPARTMENT  :
OF AGRICULTURE,     :
            :
    *Defendants.*   :
----------------------------------------------------------X

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the American Society for the Prevention of Cruelty to Animals ("ASPCA"), files suit against Defendants, the Animal and Plant Health Inspection Service ("APHIS") and the United States Department of Agriculture ("USDA") (together, "Defendants"), seeking declaratory and injunctive relief, and alleges as follows:

### NATURE OF THE ACTION

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Defendants to release public records and information, in their entirety, unlawfully withheld from the ASPCA in response to 43 FOIA requests submitted by the ASPCA between February 11, 2016 and January 9, 2019.

2.  The records that Defendants have improperly withheld relate to entities and individuals regulated under the Animal Welfare Act ("AWA"), 7 U.S.C. §§ 2131, *et seq.*, and

Defendants' statutory obligation to ensure those entities and individuals humanely treat and care for animals. They include enforcement action records, inspection reports, e-mails, and inspection photographs, access to which is critical for effective oversight and monitoring of the Defendants' implementation and enforcement of the AWA, which has historically been abysmal.

3.     The Defendants have failed to comply with the statutory deadline to release records in response to the 43 requests Plaintiff submitted pursuant to FOIA between February 11, 2016 and January 9, 2019. The Defendants should be required to turn the requested records over immediately, without unlawful redactions and should be further prohibited from using similar delay tactics to avoid full disclosure and compliance with FOIA in the future.

## PARTIES

4.     Plaintiff ASPCA is a not-for profit corporation incorporated in 1866 by a special act of the New York State legislature. The ASPCA's mission is to provide an effective means for the prevention of cruelty to animals throughout the United States. It is North America's oldest humane organization, and one of the largest in existence today, with roughly 3 million supporters nationwide.

5.     Defendant APHIS is a United States government agency within the USDA, with possession and control of the records at issue in this lawsuit.  The USDA has charged APHIS with administering the AWA.

6.     Defendant USDA is a United States government agency, with possession and control of the records at issue in this lawsuit.  The USDA is responsible for implementing the AWA.

## JURISDICTION & VENUE

7.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), as the district court of the United States in the district in which the complainant resides and has its principal place of business, and 28 U.S.C. § 1331.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1).  This is a civil action against agencies of the United States, and venue is therefore proper where the ASPCA resides as no real property is involved in the action.

## STATUTORY FRAMEWORK

### *The Freedom of Information Act*

9.     Pursuant to FOIA, an agency "shall make [] records promptly available to any person" upon request, unless the records fall within nine categories of statutorily exempt material. 5 U.S.C. § 552(a)(3)(A).

10.     The USDA and APHIS are both "agencies" subject to the FOIA statute.  *Id*. §§ 551(1), 552(f)(1).  The Secretary is ultimately responsible for the USDA and APHIS' actions.

11.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of their decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  *Id*. § 552(a)(6)(A)(i).

12.     If a requester appeals a denial, agencies must likewise decide the appeal within 20 business days.  *Id*. § 552(a)(6)(A)(ii).

13.     A person making a request is deemed to have exhausted their administrative remedies, and may seek immediate judicial review, if the agency fails to comply with the 20 business day time limitation.  *Id*. § 552(a)(6)(C).

14.     An agency shall not assess any search or duplication fees if the agency fails to comply with this time limit.  *Id*. § 552 (a)(6)(C); 7 C.F.R. § 1.17.

15.     To enforce these FOIA provisions, Congress provided for *de novo* judicial review: "On complaint the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

16.     In such a case, "the burden is on the agency to sustain its action." *Id*.

17.     Furthermore, the court may order the United States to pay reasonable attorneys' fees and costs incurred if the complainant substantially prevails. *Id*. § 552(a)(4)(E).

18.     Thus, FOIA vests district courts with broad equitable authority to enforce its provisions.  "With the express vesting of equitable jurisdiction in the district court …, there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 20 (1974).  In addition to ordering the production of documents currently withheld, district courts may frame an injunction so as "to bar future violations that are likely to occur." *Long v. U.S. Internal Revenue Service*, 693 F.2d 907, 909 (9th Cir. 1982).

### *The Animal Welfare Act*

19.     The AWA, codified in Chapter 54 of Title 7 of the U.S. Code, was enacted in 1966, and has the stated policy objective of ensuring "that animals intended for use in research facilities or for exhibition purposes or for use as pets are provided humane care and treatment[.]"  7 U.S.C. § 2131(1).

20.     The USDA, through APHIS, administers and enforces the AWA, and its implementing regulations, 9 C.F.R. §§ 1.1, *et seq*.

21.     The AWA authorizes Defendants to issue licenses to animal "dealers" and "exhibitors," as defined therein, once "the dealer or exhibitor shall have demonstrated that his facilities comply with the standards promulgated by the Secretary …." 7 U.S.C. § 2133.  Such standards "govern the humane handling, care, treatment, and transportation of animals by dealers, research facilities, and exhibitors." *Id*. § 2143(a)(1).

22.     Dealers and exhibitors are prohibited from selling or transporting to a research facility, for exhibition, for use as a pet, or to or from any other dealer or exhibitor, any animal unless the dealer or exhibitor has a valid license from Defendants. *Id*. § 2134.

23.     Defendants are charged with "mak[ing] such investigations or inspections" as "necessary to determine whether any [*inter alia*] dealer, exhibitor, [or] research facility … has violated or is violating any provision of this chapter or any regulation or standard issued thereunder, and for such purposes, the [Defendants] shall, at all reasonable times, have access to the places of business and the facilities, animals, and those records required to be kept …." *Id*. § 2146(a).

24.     Thus, regulated entities and persons under the AWA are subject to inspection by Defendants, including prior to receiving a license and unannounced compliance inspections.  9 C.F.R. § 2.3; *see also* USDA APHIS, *AWA Inspection and Annual Reports*, https://www.aphis. usda.gov/aphis/ourfocus/animalwelfare/sa_awa/awa-inspection-and-annual-reports (last modified Aug. 30, 2018).

25.     Inspection records include inspections reports and photographs taken by the inspector(s) at the time of inspection.

26.     Inspection reports detail the name and address of the licensee, customer ID number, certification number, location number (if applicable), type of inspection, date of inspection, name and title of the inspector(s) or agency representative(s) present during inspection, notes taken during inspection, description(s) of any violations observed during inspection (with specific reference to AWA code section(s)), AWA classification of any violation(s) observed during inspection, and an inventory of all animals present on the property at the time of inspection.

27.     Inspection photographs correlate with inspection reports and include photographs of violations observed during inspections. Inspection photographs also include the name of the licensee, certificate number, inspection number, date and time of the inspection, photographer name, and a written description of the image(s) depicted in the photograph(s).

28.     Enforcement action records include administrative complaints, administrative decisions, settlement agreements, warnings, and records detailing cases initiated, civil penalties, monetary penalties, non-monetary stipulations, referrals to the Office of General Counsel, and stipulated penalties assessed.   Enforcement action records should incorporate, by reference, inspection reports and photographs.

29.     Not all violations of the AWA observed by inspectors during inspection and documented on inspection reports and photographs prompt, initiate, or result in enforcement action.

30.     Inspection reports and photographs are not created for law enforcement purposes.

31.     Inspection reports and photographs are not always compiled for law enforcement purposes.

32.     Violation of the AWA may result in suspension or revocation of a dealer or exhibitor's license, in addition to civil penalties of up to $10,000 per violation.  7 U.S.C. § 2149(a)-

(b).  Knowing violations have potential criminal penalties of one-year imprisonment, a $2,500 fine, or both.  *Id*. § 2149(d).

33.     Defendants' administration and enforcement of the AWA has been the subject of much consternation, including by the USDA's own Office of the Inspector General ("USDA OIG").  The USDA OIG has issued a number of reports finding Defendants' activities woefully deficient.  *See, e.g.*, USDA OIG, APHIS, *Animal Welfare Act – Marine Mammals (Cetaceans)* (Audit Rpt. 33601-0001-31, May 2017), https://www.usda.gov/oig/webdocs/33601-0001-31.pdf; USDA OIG, *Controls Over APHIS Licensing of Animal Exhibitors* (Audit Rpt. 33601-10-Ch, June 2010), http://www.usda.gov/oig/webdocs/33601-10-CH.pdf; USDA OIG, *APHIS Animal Care Program Inspections of Problematic Dealers* (Audit Rpt. 33002-4-SF, May 2010), https://www.usda.gov/ oig/webdocs/33002-4-SF.pdf; USDA OIG, *APHIS Animal Care Program Inspection and Enforcement Activities* (Audit Rpt. 33002-3-SF, Sept. 2005), https://www.usda.gov/oig/webdocs/ 33002-0003-SF.pdf.

34.     This precedent underscores the need for continued public scrutiny of the Defendants' administration and enforcement of the AWA.

## FACTUAL ALLEGATIONS

### *USDA's Previously Available Online Databases*

35.     Since at least 2010, the ASPCA relied on two online databases – the Animal Care Information Search ("ACIS") and Enforcement Action ("EA") databases (collectively, the "Databases") – maintained by Defendants and made available through their website.

36.     The Databases provided access to agency records detailing inspections of AWA-licensed facilities, including commercial breeding facilities, and enforcement actions taken by Defendants against these licensees for AWA violations.

37.     When Defendants began making these records available online in 2009, then-Deputy Administrator for Animal Care, Dr. Chester Gipson, stated that "inspection reports have been the most frequently requested document from APHIS with approximately 850 requests fulfilled each year." *See* https://blog.primr.org/letter-from-aphis-electronic-posting-of/.  In 2010, APHIS' reported to the Department of Justice that the creation of the ACIS database had reduced incoming FOIA requests by 35%.

38.     The ASPCA regularly reviewed inspection records and enforcement actions for commercial dog and cat breeders, records of which were immediately accessible through the Databases, providing critical information about breeders and brokers subject to AWA regulation and Defendants' administration or enforcement of the AWA.

39.     This information enabled the ASPCA not only to warn the public about cruel puppy mill operations, but also to monitor Defendants' administration of the AWA, identify needed policy changes and provide guidance to lawmakers.

40.     The ASPCA has worked with jurisdictions across the country seeking to improve animal welfare standards through legislation, some of which now require pet stores by law to identify the sources of the puppies and kittens they sell.  Often, this is accomplished by requiring the stores to post, or provide directly to customers, records sufficient to document the source of each puppy or kitten, such as the USDA license numbers of the breeders from which the pet store obtained the animals they are selling.  Armed with this information, consumers could readily do an online search to confirm that they were not supporting the puppy mill industry by purchasing a puppy from a breeder with AWA violations.

41.     On February 3, 2017, without warning, Defendants blocked public access to the Databases, which had been publicly available for nearly a decade, with the stated justification of furthering their "commitment to being transparent."

42.     To the contrary, the blackout undermined state and local regulatory structures that were premised on the availability of these records and deprived animal welfare organizations, concerned consumers, policy-makers, and law enforcement of vital information about the commercial breeding industry and the USDA's administration and enforcement of the AWA.

43.     Without submitting an individual FOIA request and waiting months or even years for a response (as illustrated by this matter before the court), consumers could no longer confirm that the pet they wanted to purchase came from a breeder in compliance with the AWA; law enforcement and state and local regulators could no longer quickly and independently verify a pet store or commercial breeder's compliance; and animal welfare groups and policy-makers could no longer monitor Defendants' administration of the AWA. These efforts are inherently time-sensitive, and the Defendants' information blackout has materially obstructed them.

44.     There was widespread public outcry following Defendants' actions, and Congress has likewise indicated its disapproval:

> On February 3, 2017, USDA restricted the public's access to the search tool for the Animal Care Inspection System in order to conduct a comprehensive review of the information on its website. Such an action limited the public's review of inspection reports, research facility annual reports, and lists of persons licensed and registered under the AWA, as well as lists of persons licensed by USDA-certified horse industry organizations and associations to inspect horses for compliance with the Horse Protection Act (HPA). While the Committee recognizes the need to strike a balance between the privacy rights and personal identifiable information of regulated entities and the public's need to know if regulated parties or institutions are complying with federal law, USDA must utilize the resources provided in this bill to promptly finish reviewing the information on its website, restore all legally

9

permissible records previously removed, and resume posting on the USDA website. The online searchable database should allow analysis and comparison of data and include all inspection reports, annual reports, and other documents related to enforcement of the HPA and the AWA.

H. Rept. 115-232 to H.R. 3268 (Jul. 17, 2017).

45.     Under pressure from the public, courts, and Congress, Defendants have partially repopulated the Databases with some records since their initial blackout.  Specifically, Defendants published a list of license holders identified only by name, city, and state.  Although Defendants eventually published inspection records online via the "Animal Care Search Tool" and "Frequently Requested Records" webpages, a substantial portion of these records are heavily redacted to either conceal information that would link a licensee to a particular inspection or otherwise conceal the status of a license holder's compliance with the AWA.  In summary, the Defendants repopulated the Databases with heavily redacted records − what remains represents only a fraction of the information previously available to the public on the Databases, including because many of the identical records previously available in unredacted form have now been redacted in violation of the law.  *See Davis v U.S. Dep't of Justice*, 968 F. 2d 1276, 1279-80 (D.C. Cir. 1992) ("We have held, however that the government cannot rely on an otherwise valid exemption claim to justify withholding information that has been officially acknowledged or is in the public domain." (citation and internal quotations omitted)).  The records currently available on the Databases fail to provide any meaningful insight into the activities of either licensees or Defendants.

46.     Otherwise, Defendants have directed the public to obtain the information sought through FOIA requests:  "Those seeking information from APHIS regarding inspection reports not currently posted to the website, regulatory correspondence, and enforcement related matters may

submit Freedom of Information Act (FOIA) requests for that information."  USDA APHIS, *AWA Inspection and Annual Reports,*

https://www.aphis.usda.gov/aphis/ourfocus/animalwelfare/sa_awa/awa-inspection-and-annual reports (last modified Aug. 30, 2018).

47.     As a predictable consequence, a systemic breakdown of Defendants' FOIA process followed. As noted above, Defendants were aware that the records housed on the Databases were the most frequently requested documents from the Agencies. As a direct and foreseeable result of Defendants' decision to block public access to the databases, FOIA requests increased significantly.

48.     As of the date of this filing, the Agencies' backlog of FOIA requests is in excess of one thousand unfulfilled requests.

49.     Upon information and belief, Defendants acted in bad faith and with the intention of depriving the public of information concerning the Agencies' own activities and those of the licensees that they regulate when they abruptly blocked access to these databases and failed to take adequate measures to respond to the individual FOIA requests that the Agencies specifically directed the public to submit. Upon information and belief, Defendants' bad faith is ongoing as further evidenced by Defendants' refusal to respond in any way to three subsequent ASPCA appeals despite the ASPCA's request, made through Defendants' counsel of record, that Defendants process and respond to the ASPCA's appeals.  It is in this broader context that Defendants have failed to fulfill their statutory obligations in response to at least 43 FOIA requests from the ASPCA.

*The ASPCA's Attempts to Obtain Public Records through FOIA*

**I.      The ASPCA's FOIA Requests**

50.     On February 11, 2016, the ASPCA requested January 2016 inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders. This FOIA request was not assigned a tracking number or target response date.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this February 11, 2016 FOIA request.

51.     On April 13, 2016, the ASPCA requested March 2016 inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders. This FOIA request was assigned tracking number 2016-APHIS-03302-F with a target response date of May 11, 2016.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this April 13, 2016 FOIA request.

52.     On May 9, 2016, the ASPCA requested April 2016 inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders. This FOIA request was assigned tracking number 2016-APHIS-03751-F with a target response date of June 7, 2016.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this May 9, 2016 FOIA request.

53.     On June 7, 2016, the ASPCA requested May 2016 inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders. This FOIA request was assigned tracking number 2016-APHIS-04201-F with a target response date of July 6, 2016.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this June 7, 2016 FOIA request.

54.     On July 12, 2016, the ASPCA requested June 2016 inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders. This FOIA request was assigned tracking number 2016-APHIS-04697-F with a target response date of August 9, 2016.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this July 12, 2016 FOIA request.

55.     On February 9, 2017, the ASPCA requested January 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photograph) from the ACIS database for all dog breeders and dog dealers. This FOIA request as assigned tracking number 2017-APHIS-02163-F with a target response date of March 10, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this February 9, 2017 FOIA request.

56.     On March 3, 2017, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) during the period August 2016 to February 2017. This FOIA request was assigned tracking number 2017-APHIS-03692-F with a target response date of March 31, 2017. As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this March 3, 2017 FOIA request.

57.     On May 1, 2017, the ASPCA requested March 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers. This FOIA request was assigned tracking number 2017-APHIS-03967-F with a target response date of May 30, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this May 1, 2017 FOIA request.

58.     On May 1, 2017, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements,

13

stipulations, etc.) for April 2017. This FOIA request was assigned tracking number 2017-APHIS-03966-F with a target response date of May 30, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this May 1, 2017 FOIA request.

59.     On May 24, 2017, the ASPCA requested a list of all active licensed dog breeders and dog brokers as of that date. This FOIA request was assigned tracking number 2017-APHIS-04515-F with a target response date of June 22, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this May 24, 2017 FOIA request.

60.     On July 5, 2017, the ASPCA requested May 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers. This FOIA request was assigned tracking number 2017-APHIS-05339-F with a target response date of August 2, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this July 5, 2017 FOIA request.

61.     On July 5, 2017, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for June 2017. This FOIA request was assigned tracking number 2017-APHIS-05338-F with a target response date of August 2, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this July 5, 2017 FOIA request.

62.     On July 20, 2017, the ASPCA requested all animal counts for all licensed breeders as of July 2017. This FOIA request was assigned tracking number 2017-APHIS-05653-F with a target response date of August 17, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this July 20, 2017 request.

63.     On August 1, 2017, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements,

stipulations, etc.) for July 2017. This FOIA request was assigned tracking number 2017-APHIS-05844-F with a target response date of August 29, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this August 1, 2017 FOIA request.

64.     On August 25, 2017, the ASPCA requested all 2017 documentation related to Ruby Fur Farm, Inc. (license number 42-B-0052), including but not limited to all correspondence, including all emails between Bernadette Juarez and the Western Regional Director, photographs, videos (to include all inspectors' notes pertaining to the photographs and videos), inspection reports and enforcement records). This FOIA request was assigned tracking number 2017-APHIS-06300-F with a target response date of September 25, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this August 25, 2017 FOIA request.

65.     On August 29, 2017, the ASPCA requested July 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers. This FOIA request was assigned tracking number 2017-APHIS-06369-F with a target response date of September 27, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this August 29, 2017 FOIA request.

66.     On August 29, 2017, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060's, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for August 2017. This FOIA request was assigned tracking number 2017-APHIS-06372-F with a target response date of September 27, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this August 29, 2017 FOIA request.

67.     On September 15, 2017, the ASPCA requested inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for Pamela Baldwin, License Number 43-A-4762, to cover the period from December 14, 2016 through September 15, 2017. This FOIA request was assigned tracking number 2017-APHIS-06640-F with a target response date of October 16, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this September 15, 2017 FOIA request.

68.     On October 16, 2017, the ASPCA requested all Notices of Confiscation and related correspondence related to confiscations for Class A dog Breeders and Class B dog Dealers, to cover the period January 1, 2016 through October 1, 2017. This FOIA request was assigned tracking number 2018-APHIS-00406-F with a target response date of November 14, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this October 16, 2017 FOIA request.

69.     On November 13, 2017, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for October 2017. This FOIA request was assigned tracking number 2018-APHIS-00902-F with a target response date of December 12, 2017.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this November 13, 2017 FOIA request.

70.     On November 13, 2017, the ASPCA requested September 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers. This FOIA request was assigned tracking number 2018-APHIS-00904-F with a target response date of December 12, 2017.  As of the date of this filing, Defendants have failed to respond to release records to the ASPCA in response to this November 13, 2017 FOIA request.

16

71.     On March 29, 2018, the ASPCA requested January 2018 and February 2018 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers. This FOIA request was assigned tracking number 2018-APHIS-03223-F with the target response date of April 26, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this March 29, 2018 FOIA request.

72.     On April 13, 2018, the ASPCA submitted a FOIA request through the APHIS online portal seeking, 1) any and all records for the year 2018 related to the February 27, 2018 inspection of Pinnacle, including, but not limited to, all inspector's notes and photographs taken during or concerning the inspection; 2) any and all records relating to any appeal of the violation observed during the February 27, 2018 inspection of Pinnacle submitted by or on behalf of Pinnacle including, but not limited to, Pinnacle's appeal letter and any supporting or supplementary documentation or correspondence, and 3) any and all records relating to APHIS' consideration of and decisions concerning Pinnacle's appeal of the February 27, 2018 inspection. This FOIA request was assigned tracking number 2018-APHIS-03517-F with a target response date of May 11, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this April 13, 2018 FOIA request.

73.     On June 7, 2018, the ASPCA submitted a FOIA request relating to the April 12, 2018 "focused inspection" of Pinnacle, including a request for all records referencing the purpose or focus of the April 12, 2018 inspection and all written communications between the agency and any representative acting on behalf of Pinnacle from January 1, 2018 to the present. This FOIA request was assigned tracking number 2018-APHIS-04457-F with a target response date of June

22, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this June 7, 2018 FOIA request.

74.     On July 2, 2018, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for May and June 2018. This FOIA request was assigned tracking number 2018-APHIS-04905-F with a target response date of July 31, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this July 2, 2018 FOIA request.

75.     On July 2, 2018, the ASPCA requested License Renewal forms for SOBRAD LLC (Pinnacle Pet), Certificate No. 43-B-3750, Customer No. 329825 for 2016, 2017, and 2018. This FOIA request was assigned tracking number 2018-APHIS-04902-F with a target response date of July 31, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this July 2, 2018 FOIA request.

76.     On October 1, 2018, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for September 2018.  This FOIA request was assigned tracking number 2019-APHIS-00011-F with a target response date of October 30, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this October 1, 2018 FOIA request.

77.     On October 1, 2018, the ASPCA requested September 2018 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers. This FOIA request was assigned tracking number 2019-APHIS-00017-F with a

18

target response date of October 30, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this October 1, 2018 FOIA request.

78.     On November 2, 2018, the ASPCA requested inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers for October 2018.  This FOIA request was assigned tracking number 2019-APHIS-00751-F with a target response date of December 4, 2018.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this November 2, 2018 request.

79.     On December 3, 2018, the ASPCA requested inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers for November 2018. This FOIA request was assigned tracking number 2019-APHIS-01229-F with a target response date of January 4, 2019.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this December 3, 2018 request.

80.     On December 4, 2018, the ASPCA requested all documents relating to USDA licensee, Classy Creations, from January 1, 2015 to present. This FOIA request was assigned tracking number 2019-APHIS-01263-F with a target response date of January 7, 2019.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this December 4, 2018 request.

81.     On December 20, 2018, the ASPCA requested all 2016, 2017, and 2018 license revocation documents for USDA licensed breeders. This FOIA request was assigned tracking number 2019-APHIS-01565-F with a target response date of January 23, 2019.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this December 20, 2018 request.

82.     On January 9, 2019, the ASPCA requested inspection reports, photographs, and videos (to include all inspectors' notes pertaining to the photographs and videos) for all dog breeders and dog dealers for December 2018. This FOIA request was assigned tracking number 2019-APHIS-01671-F with a target response date of February 7, 2019.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this January 9, 2019 request.

83.     On January 9, 2019, the ASPCA requested all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for December 2018. This FOIA request was assigned tracking number 2019-APHIS-01674-F with a target response date of February 7, 2019.  As of the date of this filing, Defendants have failed to release records to the ASPCA in response to this January 9, 2019 request.

84.     In each of the ASPCA's above-mentioned requests, the ASPCA requested that APHIS waive any fee, including search and duplication costs pursuant to 7 C.F.R. pt. 1, subpt. A app. § 6(a), on the basis that disclosure is in the public interest because furnishing the information is likely to contribute significantly to public understanding of the operations or activities of APHIS and disclosure is not in ASPCA's commercial interest.

## II.     ASPCA's FOIA Request for records relating to Pinnacle Pet

85.     The ASPCA's request for records relating to Sobrad LLC d/b/a Pinnacle Pet (hereinafter, "Pinnacle") demonstrates the importance of prompt and complete access to the records requested and how access to these records will shed light on the operations and activities of Defendants.

86.     The USDA issued a dealer license to Pinnacle which was most recently renewed on or about May 19, 2018.

87.     On or about February 27, 2018, APHIS inspectors conducted a routine inspection of Pinnacle.

88.     On or about March 8, 2018, APHIS inspectors recorded a direct violation of 9 C.F.R. § 2.40(b)(2) observed by two APHIS inspectors and an APHIS veterinary medical officer during the February 27, 2018 inspection of Pinnacle.

89.     On or about March 30, 2018, an inspection report for Pinnacle reflecting the direct violation observed during the February 27, 2018 inspection was posted to the APHIS database. The following is a true and accurate copy of the March 8, 2018 Pinnacle inspection report posted on the APHIS database on or about March 30, 2018.

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK



United States Department of Agriculture
Animal and Plant Health Inspection Service

**Inspection Report**

**AGRAVES**

2016082569075611 Insp_Id

Sobrad L L C
11474 Hammer Road
Neosho, MO 64850

| | |
|---|---|
| **Customer ID:** | **329825** |
| **Certificate:** | **43-B-3750** |
| **Site:** | **001** |
| | SOBRAD L L C |

**Type:** ROUTINE INSPECTION
**Date:** 27-FEB-2018

---

**2.40(b)(2)     DIRECT**

**ATTENDING VETERINARIAN AND ADEQUATE VETERINARY CARE (DEALERS AND EXHIBITORS).**

At time of inspection a female Scottish Terrier (941000021859949) was observed to be lethargic and withdrawn within it's enclosure. The licensee was requested to remove the puppy for closer observation. The puppy did not respond in a positive way (tail wagging, licking, excitement) to interaction. She acted in a manner that she was not feeling well.
Upon examination by Dr. Tygart VMO, the skin was tented at the shoulders to asses hydration. The skin remained tented and retracted very slowly.  Dr. Tygart VMO then assessed the gums and noted that they were tacky to the touch and slightly pale. The puppy had access to two water receptacle's, a bowl and a Lixit style bottle. Documentation of any treatment was not provided at this time.

The puppy was noted to be a truck return because it was "below purchase weight" and was kept in the "return room" , not in the Special Care Center or the Nursery, where other dogs under treatment were kept. The puppy also showed signs of weight loss, according to documentation. At time of purchase the puppy weighed 5.2 lbs on 2/14/2018 (purchase date) and upon return it weighed 4.0lbs on 2/23/2018. The medication sheet provided indicated that the puppy weighed 3.6lbs on 2/27/2018.
The attending veterinarian was questioned about the puppy and he stated that he was not aware of a female Scottish Terrier puppy with the aforementioned symptoms.
The following day, 2/28/2018, the licensee provided a medical sheet showing that the puppy received 60cc's of subcutaneous fluids approximately an hour prior to the inspection. Subcutaneous pockets of fluid were not noted at time of inspection.
The Program of Veterinary Care provided did not indicate a protocol for hydration and the licensee did not have a written protocol approved by the attending veterinarian.
Veterinary care issues can cause an adverse impact if left untreated. Licensee shall have the puppy examined by a licensed veterinarian for the condition and create and implement an approved protocol for hydration.

*The puppy was taken to the attending veterinarian at the end of inspection.



| | | |
|---|---|---|
| **Prepared By:** | **GRAVES ALICIA, A C I** | **Date:** |
| | GRAVES ALICIA, A C I     USDA, APHIS, Animal Care | 08-MAR-2018 |
| **Title:** | ANIMAL CARE INSPECTOR  6120 | |
| **Received By:** | | **Date:** |
| **Title:** | | 08-MAR-2018 |

Page 1 of 2

22

90.     On or about March 21, 2018, the following post was published to Pinnacle's Facebook Page.



91.     On or about April 4, 2018, the ASPCA discovered that the inspection report reflecting the direct violation observed during the February 27, 2018 inspection of Pinnacle had

23

been removed from the APHIS database. The ASPCA contacted an APHIS representative via e-mail regarding the removal of this inspection report. An APHIS representative explained that the report was being appealed and that it is APHIS' policy not to post such records until the appeal had been resolved. The APHIS representative further indicated that the report was "posted to the database by mistake" and that APHIS would repost the report once the appeal process had been completed but gave no indication of when that may occur.

92.     On April 13, 2018, the ASPCA submitted a FOIA request through the APHIS online portal seeking, 1) any and all records for the year 2018 relating to the February 27, 2018 inspection of Pinnacle, including, but not limited to, all inspector's notes and photographs taken during or concerning the inspection; 2) any and all records relating to any appeal of the violation observed during the February 27, 2018 inspection of Pinnacle submitted by or on behalf of Pinnacle including, but not limited to, Pinnacle's appeal letter and any supporting or supplementary documentation or correspondence, and 3) any and all records relating to APHIS' consideration of and decisions concerning Pinnacle's appeal of the February 27, 2018 inspection.

93.     As noted above, as of the date of this filing, Defendants have not released records to the ASPCA in response to this April 13, 2018 FOIA request relating to Pinnacle's alleged appeal of the February 27, 2018 inspection.

94.     On or about July 5, 2018, APHIS posted another report to its database purporting to document the observations recorded by APHIS inspectors during the February 27, 2018 inspection of Pinnacle. The new report did not reflect the direct violation of the AWA observed and previously recorded by APHIS inspectors during the February 27, 2018 inspection. Rather, the new report states that, "no non-compliant items were identified during this inspection."

24

95.     The new inspection report does not reference the direct violation of the AWA noted by inspectors prior to Pinnacle's alleged appeal nor does it indicate that an appeal was filed. Indeed, the report posted on or about July 5, 2018 "wipes the slate clean" as though two APHIS inspectors and an APHIS veterinary medical officer reported no violations at Pinnacle during the February 27, 2018 inspection. The following is a true and accurate copy of the new inspection report relating to the February 27, 2018 inspection of Pinnacle and posted to the APHIS database.


REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK



**USDA**

United States Department of Agriculture
Animal and Plant Health Inspection Service

**Inspection Report**

**AGRAVES**

201608256915G316 Insp_Id

| | | |
|---|---|---|
| Sobrad L L C | **Customer ID:** | **329825** |
| 11474 Hammer Road | **Certificate:** | **43-B-3750** |
| Neosho, MO 64850 | **Site:** | **001** |
| | | SOBRAD L L C |
| | **Type:** | ROUTINE INSPECTION |
| | **Date:** | 27-FEB-2018 |

No non-compliant items identified during this inspection.

This inspection and exit interview were conducted with Licensee.

*This inspection was sent by regular mail.

**Additional Inspectors**

Tygart Michael, Veterinary Medical Officer

Whiteley Robert, Animal Care Inspector

| | | |
|---|---|---|
| **Prepared By:** | **GRAVES ALICIA, A C I** | **Date:** |
| | GRAVES ALICIA, A C I    USDA, APHIS, Animal Care | 30-MAY-2018 |
| **Title:** | ANIMAL CARE INSPECTOR  6120 | |
| **Received By:** | | |
| | | **Date:** |
| **Title:** | | 30-MAY-2018 |

Page 1 of 1

96.     On April 12, 2018, after the ASPCA received notification that the February 27, 2018 Pinnacle inspection report was being appealed and before the new report was posted, Defendants conducted a "focused inspection" of Pinnacle and reported finding no AWA violations. A copy of this inspection report was made available on the APHIS database and remains available as of the date of this filing.

97.     On June 7, 2018, the ASPCA submitted a FOIA request relating to the April 12, 2018 "focused inspection" of Pinnacle, including a request for all records referencing the purpose or focus of the April 12, 2018 inspection and all written communications between the agency and any representative acting on behalf of Pinnacle from January 1, 2018 to present.

98.     As noted above, as of the date of this filing, Defendants have not released records to the ASPCA in response to this June 7, 2018 FOIA request relating to the "focused inspection" of Pinnacle.

99.     Records of the type currently being withheld from the ASPCA and the public have been used by the ASPCA in the past to advise law-makers regarding the ASPCA's concerns about the USDA's failures to administer and enforce the AWA. Upon information and belief, Pinnacle has access to many of the requested records currently being withheld from the ASPCA and the public, as well as the information contained therein. Pinnacle may now control the dissemination of this information.  Due to Defendants' refusal to respond to the ASPCA's requests relating to Pinnacle, the public is unable to determine basic information about the USDA's administration and enforcement of the AWA as it relates to its licensee, Pinnacle, including among other things, 1) whether Pinnacle did, in fact, appeal the March 8, 2018 inspection report, 2) the basis for Pinnacle's appeal of the March 8, 2018 inspection report, 3) the USDA's handling of and determinations concerning the appeal, 4) the facts and circumstances giving rise to the new

27

inspection report posted to the APHIS online database, 5) the focus of the USDA's April 12, 2018 inspection of Pinnacle, 6) whether USDA inspectors cited and documented the direct violation observed to properly support enforcement of the AWA, and 6) the basis for the USDA's failure to repost the original March 8, 2018 inspection report as it has done in other instances.

### III.   ASPCA's request for records relating to Ruby Fur Farm

100.   The ASPCA's request for records relating to Ruby Fur Farm, Inc. (hereinafter, "Ruby") illustrates the arbitrary and capricious nature of how the agency determines which records or information will be released to the public and which records or information will be withheld.

101.   Ruby is a USDA licensed breeder that produces animals for the fur trade and for research purposes.

102.   Defendants have awarded Ruby $40,600 in federal contracts for the purchase of live animals from January 2016 until the present. *See* USASpending.gov, *Spending by Prime Award (Ruby Fur Farm, Inc.),*

 https://www.usaspending.gov/#/search/6c25873ee38adbdd69d953f01682171c.

103.   On or about August 15, 2017, the ASPCA became aware of an unredacted July 24, 2017 inspection report posted to the APHIS database relating to a July 21, 2017 inspection of USDA licensee, Ruby. The following is a true and accurate copy of the unredacted July 24, 2017 inspection report[1] posted to the APHIS database on or about August 15, 2017:

---

[1]   The July 24, 2017 inspection report relating to Ruby contains three pages. Plaintiff incorporates page 1 of 3 by reference for purposes of comparison.

28



United States Department of Agriculture
Animal and Plant Health Inspection Service

**Inspection Report**

KMAXWELL

2016082568562322 Insp_Id

Ruby Fur Farm Inc
2564 200th Street
New Sharon, IA 50207

Customer ID: **5177**
Certificate: **42-B-0052**
Site: **001**
RUBY FUR FARM, I N C

Type: **FOCUSED INSPECTION**
Date: **21-JUL-2017**

2.131(e)      **DIRECT**      **REPEAT**

**HANDLING OF ANIMALS.**

The Raccoon Building has a high ambient temperature and humidity. The building is constructed of metal and is only partially insulated. There are sixteen fans running throughout the building and there are windows that are open along the sides. The temperatures taken in the building by the Kestrel at approximately 3:50 pm is 100 degrees F with a heat index of 119 degrees F at the north end of the building and 100 degrees F with a heat index of 120 degrees F along the east enclosures in the middle of the building. At 4:32 pm the temperature taken is 100.4 degrees F with a heat index of 122.1 degrees F along the west enclosures in the middle of the building. At 4:24 pm near the south end of the first room the temperature is 100.1 degrees F and 100.2 degrees F with a heat index of 120.1 degrees F. Twenty-six raccoons are in severe heat distress and are suffering from the temperatures inside the building.

The behaviors observed in these 26 raccoons include panting, drooling and increased respiratory rate. The raccoons are lying on their sides, backs, and abdomens with their legs splayed out demonstrating they are uncomfortable with the temperature and are trying to cool off. These 26 raccoons are also reluctant to move, lethargic, and not alert to activity in the building around them. These signs are indicative of the elevated temperature inside the building not allowing the animals to regulate their core body temperature properly. The inability of these 26 raccoons to cool off has caused them to suffer. There are approximately 290 raccoons housed in this building. The high temperature and humidity is having a negative impact on the health and well-being of the animals.

The following animals have been identified as suffering from severe heat stress:

Enclosure #069: 1 raccoon
Enclosure #001: 1 raccoon
Enclosure #004: 2 raccoons
Enclosure #005: 1 raccoon
Enclosure #007: 2 raccoons

Prepared By: **MAXWELL KELLY, A C I**

MAXWELL KELLY, A C I      USDA, APHIS, Animal Care

Date: 24-JUL-2017

Title: ANIMAL CARE INSPECTOR  6080

Received By:

Title:

Date: 24-JUL-2017

Page 1 of 3

104.   On or about August 25, 2017, the ASPCA submitted a FOIA request for all 2017 documentation related to Ruby, including but not limited to all correspondence, including all emails between Bernadette Juarez and the Western Regional Director, photographs, videos (to include all inspectors' notes pertaining to the photographs and videos), inspection reports and enforcement records.  This FOIA request was assigned tracking number 2017-APHIS-06300-F.

105.   Approximately one week after the ASPCA submitted its August 25, 2017 FOIA request, the July 24, 2017 unredacted inspection report relating to Ruby was removed from the APHIS database and reposted in redacted form. The following is a true and accurate copy of the July 24, 2017 redacted inspection report posted to the APHIS database approximately one week after the ASPCA submitted its August 25, 2017 FOIA request:

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK



**United States Department of Agriculture**
**Animal and Plant Health Inspection Service**

**Inspection Report**

KMAXWELL



NEW SHARON, IA

Customer ID:

Certificate:

Site: 001

Type: FOCUSED INSPECTION
Date: 21-JUL-2017

2.131(e)   **DIRECT**   **REPEAT**

**HANDLING OF ANIMALS.**

The Raccoon Building has a high ambient temperature and humidity. The building is constructed of metal and is only partially insulated. There are sixteen fans running throughout the building and there are windows that are open along the sides. The temperatures taken in the building by the Kestrel at approximately 3:50 pm is 100 degrees F with a heat index of 119 degrees F at the north end of the building and 100 degrees F with a heat index of 120 degrees F along the east enclosures in the middle of the building. At 4:32 pm the temperature taken is 100.4 degrees F with a heat index of 122.1 degrees F along the west enclosures in the middle of the building. At 4:24 pm near the south end of the first room the temperature is 100.1 degrees F and 100.2 degrees F with a heat index of 120.1 degrees F. Twenty-six raccoons are in severe heat distress and are suffering from the temperatures inside the building.

The behaviors observed in these 26 raccoons include panting, drooling and increased respiratory rate. The raccoons are lying on their sides, backs, and abdomens with their legs splayed out demonstrating they are uncomfortable with the temperature and are trying to cool off. These 26 raccoons are also reluctant to move, lethargic, and not alert to activity in the building around them. These signs are indicative of the elevated temperature inside the building not allowing the animals to regulate their core body temperature properly. The inability of these 26 raccoons to cool off has caused them to suffer. There are approximately 290 raccoons housed in this building. The high temperature and humidity is having a negative impact on the health and well-being of the animals.

The following animals have been identified as suffering from severe heat stress:

Enclosure #069: 1 raccoon
Enclosure #001: 1 raccoon
Enclosure #004: 2 raccoons
Enclosure #005: 1 raccoon
Enclosure #007: 2 raccoons



**Prepared By:**   MAXWELL KELLY, A C I

MAXWELL KELLY, A C I   USDA, APHIS, Animal Care

**Title:**   ANIMAL CARE INSPECTOR  6080

Date: 24-JUL-2017

**Received By:**

Date: 24-JUL-2017

**Title:**

Page 1 of 3

106.     As of the date of this filing, the July 24, 2017 inspection report relating to Ruby remains on the APHIS database, but the report is redacted such that the public is unable to draw any connection between the direct violations issued and the licensee, Ruby.  It does not appear that the report was redacted pursuant to any applicable FOIA exemption.  Defendants' redaction of this information is unlawful, and Defendants have failed to identify any applicable FOIA exemption to justify the redactions they have made to the record as it appears on the APHIS database.  Upon information and belief, Defendants redacted this information in bad faith and with the intention of depriving the public of information concerning Defendants' own activities and those of the licensee that they regulate and to whom they have awarded federal contracts worth tens of thousands of dollars.

107.     As referenced above, USDA has not released records in response to this August 25, 2017 FOIA request relating to Ruby.

## IV.     The ASPCA's Appeals

108.     On May 23, 2018, the ASPCA filed a Complaint for Declaratory and Injunctive Relief  (hereinafter "*Complaint*")[2] against Defendants as a result of the Defendants' failure to respond to four FOIA Appeals, relating to five FOIA requests submitted by the ASPCA.

109.     Since the filing of this May 23, 2018 *Complaint*, Defendants have failed to respond to three additional FOIA appeals submitted by the ASPCA.

110.     On March 27, 2017, the ASPCA requested February 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers.  This FOIA request was assigned tracking number 2017-APHIS-03068-F.

---

[2]     *ASPCA v. APHIS, et al.,* 1:18-cv-04559 (S.D.N.Y.) (filed May 23, 2018).

111.    Defendants provided a final response to the ASPCA's March 27, 2017 request on May 10, 2018.  Defendants redacted 694 of 717 pages of responsive records citing Exemptions 6 and 7 (C).

112.    On August 4, 2018, the ASPCA timely appealed Defendants' decision on its March 27, 2017 request, challenging the applicability of Exemptions 6 and 7(C) as a basis for the Defendants' redaction or withholding of responsive records.  As of the date of this filing, Defendants have failed to respond to the ASPCA's August 4, 2018 appeal.

113.    On March 29, 2018, the ASPCA requested all documents from the Animal Welfare Act enforcement actions (7060's, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for January and February of 2018.  This FOIA request was assigned tracking number 2018-APHIS-03222-F.

114.    Defendants provided a final response to the ASPCA's March 29, 2018 request on August 8, 2018.  Defendants redacted 21 of 24 pages of responsive records citing Exemptions 6 and 7 (C).

115.    On October 29, 2018, the ASPCA timely appealed Defendants' decision on its March 29, 2018 request, challenging the applicability of Exemptions 6 and 7(C) as a basis for the Defendants' redaction or withholding of responsive records. This appeal was assigned tracking number 2019-APHIS-0043-A with a target response date of November 28, 2018.  As of the date of this filing, Defendants have failed to respond to the ASPCA's October 29, 2018 appeal.

116.    On May 25, 2018, the ASPCA requested all documents from the Animal Welfare Act enforcement actions (7060's, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for March and April of 2018.  This FOIA request was assigned tracking number 2018-APHIS-04262-F.

117.    Defendants provided a final response to the ASPCA's May 25, 2018 request on August 23, 2018.  Defendants redacted 37 of 37 pages of responsive records citing Exemptions 6 and 7 (C).

118.    On October 29, 2018, the ASPCA timely appealed Defendants' decision on its May 25, 2018 request, challenging the applicability of Exemptions 6 and 7(C) as basis for the Defendants' redaction or withholding of responsive records. This appeal was assigned tracking number 2019-APHIS-0041-A with a target response date of November 28, 2018.  As of the date of this filing, Defendants have failed to respond to the ASPCA's October 29, 2018 appeal.

119.    The statutory deadline for Defendants to respond to these ASPCA appeals has passed.

120.    The ASPCA has exhausted its administrative remedies with Defendants with regard to these ASPCA appeals.

121.    On September 14, 2018, the ASPCA notified Defendants' counsel of record for the *Complaint* in the United States Attorney's Office that the Defendants failed to respond to two additional appeals in accordance with the FOIA and sought assistance to ensure the Defendants' prompt compliance with the statute.  In relevant part, the ASPCA's letter stated: "As you are aware, the matter currently pending before the Southern District of New York is a direct result of the agencies' failure to respond to the ASPCA's previous FOIA Appeals. Given the agencies' continued disregard for not only its own deadlines, but the deadlines prescribed by law, we request your assistance in ensuring that the agencies you represent in this action promptly respond to the ASPCA's appeals in accordance with the FOIA."  Defendants' counsel of record responded on September 14, 2018, stating that, because these two appeals were not at issue in the pending litigation, Defendants, not his office, were the appropriate point of contact to address the ASPCA's

concerns.  A true and correct copy of the ASPCA's correspondence with the U.S. Attorney's office is attached hereto as Exhibit 1.

122.    In sum, for the reasons stated in the ASPCA's appeals, Defendants had no lawful basis to withhold or redact records that the ASPCA requested through the FOIA, nor to continue doing so.

### Harm caused by the Defendants' failure to meet its statutory obligations with respect to the ASPCA's FOIA Requests

123.    The requested records are critical to the ASPCA and the public's understanding of the Defendants' administration and enforcement of the AWA.

124.    For example, Defendants have represented to the public that 97% of regulated sites operated by USDA licensees were in substantial compliance with the AWA between October 1, 2017 and March 31, 2018. *See* USDA APHIS: *Animal Care Impact Report* (July 13, 2018), https://www.aphis.usda.gov/animal_welfare/downloads/AC-Accomplishments-Report_FY2018_Q1-and-Q2.pdf.

125.    Without access to the requested records there is no way for the ASPCA or the public to verify this claimed percentage of regulatory compliance. Indeed, without access to the requested records the public must take the Defendants' representations regarding its administration and enforcement of the AWA at face value.

126.    The requested records will also contribute to the ASPCA and the public's understanding of how the USDA determines the frequency of inspections – a recent topic raised by the USDA for public comment. *See, e.g*., USDA APHIS: *Use of Third Party Inspection and Certification Program Listening Sessions* (April 5, 2018), https://www.aphis.usda.gov/aphis/our focus/animalwelfare/sa_animal_welfare_news/third-party-inspection-certification-programs.

127.   Furthermore, the requested records will contribute to the ASPCA and the public's understanding of whether APHIS inspectors are adequately describing violations in their inspection reports and supporting those violations with photos – a deficiency in the APHIS inspection process raised by the USDA's own Office of Inspector General in 2010. *See* USDA OIG, *Inspections of Problematic Dealers* (Audit Rpt. 33002-4-SF, May 2010), https://www.usda.gov/oig/webdocs/ 33002-4-SF.pdf.

128.   The requested records will also contribute to the ASPCA and the public's understanding of whether APHIS is properly assessing and imposing penalties against licensees who have violated the AWA− another deficiency in the APHIS inspection process raised by the USDA's own Office of Inspector General in 2010.  *Id*.

129.   Notably, in the past several years legislatures in a number of states have determined that direct violations of the AWA are serious matters that may disqualify commercial breeders and brokers from lawfully selling to retail pet stores in their jurisdiction.  *See, e.g.*, Pet Purchase Protection Act, N.J. Stat. Ann. § 56:8-95.1(a)(4) ("No pet shop shall sell or offer for sale, or purchase for resale whether or not actually offered for sale by the pet shop, any animal purchased from any breeder or broker who: . . . has been cited on a USDA inspection report for a direct violation of the federal 'Animal Welfare Act,' 7 U.S.C. s.2131 *et seq*., or the corresponding federal animal welfare regulations at 9 C.F.R. s.1.1 *et seq*., during the two-year period prior to the purchase of the animal by the pet shop.").  These jurisdictions rely on unredacted access to Defendants' inspection reports to protect consumers and to monitor and enforce compliance with their own state law. As of the date of this filing, countless pet stores across the country may be in violation of state and local laws as a result of sourcing dogs and cats from breeders or brokers who have

violated the AWA. These pet stores may continue to operate with impunity because the USDA continues to unlawfully withhold records requested by the ASPCA.

130.    Thus, "disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding *of the operations or activities of the government*[,]" namely ensuring Defendants' effective enforcement of the AWA and adequate oversight of commercial breeders responsible for the health and wellbeing of tens of thousands of animals. *Dep't of Def. v. FLRA*, 510 U.S. 487, 495 (1994) (citation and internal quotation marks omitted) (emphasis in original).

131.    On or about May 2018, in an e-mail preceding an annual stakeholder meeting between Defendants and animal welfare organizations, including the ASPCA, the current Deputy Administrator, Bernadette Juarez, placed animal welfare organization stakeholders on notice that the USDA is "not in a position to accept and respond to agenda items as we have in past years, given the pending litigation with many members of the community" – bolstering the ASPCA's position that FOIA requests and responses are indisputably the only way for the ASPCA to seek information about the Defendants' administration and enforcement of the AWA.

132.    Plaintiff intends to continue submitting identical or nearly identical requests for inspections reports, inspection photographs, and enforcement action records for USDA licensees as part of its on-going efforts to monitor Defendants' administration of the AWA, educate and inform the public about "what their government is up to," and promote transparency, integrity, and accountability in government and fidelity to the rule of law.

133.    Without access to the requested records the ASPCA cannot adequately monitor or determine whether the Defendants are carrying out their duties to administer and enforce the AWA.

37

134. The public, including the ASPCA, has a statutory right to request and receive these records in a timely manner.

135. Moreover, the Defendants have a legal obligation to respond to the ASPCA's request within the statutory timeframe − a duty the Defendants have deliberately disregarded to the detriment of the thousands of animals afforded protection under the AWA, as well as to the public, including the ASPCA.

136. In sum, timely response to the ASPCA's FOIA requests is crucial and Defendants have no lawful basis to withhold or redact records that the ASPCA requested through the 43 requests at issue in this lawsuit.

<u>CAUSES OF ACTION</u>

*Count 1: FOIA Violation – February 11, 2016 Request*

137. Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

138. FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

139. Agencies must determine whether to comply with each request within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

140. Defendants have violated FOIA by failing to comply with these requirements.

141. The ASPCA submitted a FOIA request on February 11, 2016 for agency records in Defendants' possession, custody, and control.

38

142.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this February 11, 2016 FOIA request – thus exceeding the statutory deadline for response by over two years.

143.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

144.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

145.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 2: FOIA Violation – April 13, 2016 Request

146.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

147.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

148.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

149.     Defendants have violated FOIA by failing to comply with these requirements.

150.    The ASPCA submitted a FOIA request on April 13, 2016 for agency records in Defendants' possession, custody, and control.

151.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination and reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this April 13, 2016 FOIA request – thus exceeding the statutory deadline for response by over two years.

152.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

153.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

154.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 3: FOIA Violation – May 9, 2016 Request*

155.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

156.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

157.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

158.   Defendants have violated FOIA by failing to comply with these requirements.

159.   The ASPCA submitted a FOIA request on May 9, 2016 for agency records in Defendants' possession, custody, and control.

160.   As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this May 9, 2016 FOIA request – thus exceeding the statutory deadline for response by over two years.

161.   Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

162.   The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

163.   Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 4: FOIA Violation – June 7, 2016 Request

164.   Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

165.   FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

166. Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision. 5 U.S.C. § 552(a)(6)(A)(i).

167. Defendants have violated FOIA by failing to comply with these requirements.

168. The ASPCA submitted a FOIA request on June 7, 2016 for agency records in Defendants' possession, custody, and control.

169. As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this June 7, 2016 FOIA request – thus exceeding the statutory deadline for response by over two years.

170. Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

171. The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

172. Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 5: FOIA Violation – July 12, 2016 Request

173. Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

42

174.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

175.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

176.    Defendants have violated FOIA by failing to comply with these requirements.

177.    The ASPCA submitted a FOIA request on July 12, 2016 for agency records in Defendants' possession, custody, and control.

178.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this July 12, 2016 FOIA request – thus exceeding the statutory deadline for response by over two years.

179.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

180.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

181.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 6: FOIA Violation – February 9, 2017 Request

182.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

183.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

184.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

185.    Defendants have violated FOIA by failing to comply with these requirements.

186.    The ASPCA submitted a FOIA request on February 9, 2017 for agency records in Defendants' possession, custody, and control.

187.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this February 9, 2017 FOIA request – thus exceeding the statutory deadline for response by over two years.

188.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

189.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

190.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 7: FOIA Violation – March 3, 2017 Request

191.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

192.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

193.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

194.     Defendants have violated FOIA by failing to comply with these requirements.

195.     The ASPCA submitted a FOIA request on March 3, 2017 for agency records in Defendants' possession, custody, and control.

196.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this March 3, 2017 FOIA request – thus exceeding the statutory deadline for response by over two years.

197.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

45

198.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

199.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 8: FOIA Violation – May 1, 2017 Request

200.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

201.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

202.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

203.    Defendants have violated FOIA by failing to comply with these requirements.

204.    The ASPCA submitted a FOIA request on May 1, 2017 for agency records in Defendants' possession, custody, and control.

205.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply to this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (v) release records to the ASPCA in response to this May 1, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

46

206.   Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

207.   The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

208.   Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 9: FOIA Violation – Second May 1, 2017 Request

209.   Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

210.   FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

211.   Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

212.   Defendants have violated FOIA by failing to comply with these requirements.

213.   The ASPCA submitted a second FOIA request on May 1, 2017 for agency records in Defendants' possession, custody, and control.

214.   As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the

ASPCA in response to this May 1, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

215.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

216.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

217.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 10: FOIA Violation – May 24, 2017 Request*

218.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

219.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

220.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

221.    Defendants have violated FOIA by failing to comply with these requirements.

222.    The ASPCA submitted a FOIA request on May 24, 2017 for agency records in Defendants' possession, custody, and control.

223.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii)

48

advise Plaintiff o the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this May 24, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

224.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

225.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

226.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 11: FOIA Violation – July 5, 2017 Request*

227.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

228.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

229.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

230.    Defendants have violated FOIA by failing to comply with these requirements.

231.    The ASPCA submitted a FOIA request on July 5, 2017 for agency records in Defendants' possession, custody, and control.

232.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this July 5, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

233.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

234.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

235.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 12: FOIA Violation – Second July 5, 2017 Request

236.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

237.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

238.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

239.    Defendants have violated FOIA by failing to comply with these requirements.

240.     The ASPCA submitted a second FOIA request on July 5, 2017 for agency records in Defendants' possession, custody, and control.

241.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii)advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this July 5, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

242.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

243.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

244.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 13: FOIA Violation – July 20, 2017 Request*

245.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

246.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record of redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

247.     Agencies must respond to FOIA requests within 20 business days, notifying the requestor of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552 (a)(6)(A)(i).

248.    Defendants have violated FOIA by failing to comply with these requirements.

249.    The ASPCA submitted a FOIA request on July 20, 2017 for agency records in Defendants' possession, custody, and control.

250.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this July 20, 2017 request – thus exceeding the statutory deadline for response by over one year.

251.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records in their entirety, from the ASPCA.

252.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

253.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 14: FOIA Violation – August 1, 2017 Request*

254.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

255.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

256.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

257.     Defendants have violated FOIA by failing to comply with these requirements.

258.     The ASPCA submitted a FOIA request on August 1, 2017 for agency records in Defendants' possession, custody, and control. [3]

259.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this August 1, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

260.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

261.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

---

[3]     On or about July 31, 2017, Plaintiff submitted two FOIA requests−one relating to inspection reports and photographs and another relating to enforcement actions.  On May 4, 2018, the Defendants responded to the former request relating to inspection records, but did not provide a response to the latter request relating to enforcement actions.  Plaintiff filed an administrative appeal of the Defendants' May 4, 2018 response (appeal tracking number 2019-APHIS-0042-A), to which the Defendants' responded on March 7, 2019.

262.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 15: FOIA Violation – August 25, 2017 Request*

263.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

264.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

265.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

266.     Defendants have violated FOIA by failing to comply with these requirements.

267.     The ASPCA submitted a FOIA request on August 25, 2017 for agency records in Defendants' possession, custody, and control.

268.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this August 25, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

269.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

270.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

271.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 16: FOIA Violation – August 29, 2017 Request

272.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

273.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

274.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

275.    Defendants have violated FOIA by failing to comply with these requirements.

276.    The ASPCA submitted a FOIA request on August 29, 2017 for agency records in Defendants' possession, custody, and control.

277.    As of the date of this filing, Defendants have failed to: (1) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this August 29, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

278.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

279.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

280.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 17: FOIA Violation – Second August 29, 2017 Request

281.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

282.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

283.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

284.     Defendants have violated FOIA by failing to comply with these requirements.

285.     The ASPCA submitted a second FOIA request on August 29, 2017 for agency records in Defendants' possession, custody, and control.

286.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination of reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the

ASPCA in response to this August 29, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

287.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

288.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

289.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 18: FOIA Violation – September 15, 2017 Request

290.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

291.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

292.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

293.     Defendants have violated FOIA by failing to comply with these requirements.

294.     The ASPCA submitted a FOIA request on September 15, 2017 for agency records in Defendants' possession, custody, and control.

295.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii)

advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this September 15, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

296.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

297.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

298.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 19: FOIA Violation – October 16, 2017 Request*

299.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

300.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

301.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

302.    Defendants have violated FOIA by failing to comply with these requirements.

303.    The ASPCA submitted a FOIA request on October 16, 2017 for agency records in Defendants' possession, custody, and control.

304.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this October 16, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

305.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

306.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

307.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 20: FOIA Violation – November 13, 2017 Request

308.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

309.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

310.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

311.    Defendants have violated FOIA by failing to comply with these requirements.

312. The ASPCA submitted a FOIA request on November 13, 2017 for agency records in Defendants' possession, custody, and control.

313. As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this November 13, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

314. Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

315. The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

316. Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 21: FOIA Violation – Second November 13, 2017 Request

317. Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

318. FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record. 5 U.S.C. §§ 552(a)(3)(A),(b).

319. Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision. 5 U.S.C. § 552(a)(6)(A)(i).

320.    Defendants have violated FOIA by failing to comply with these requirements.

321.    The ASPCA submitted a second FOIA request on November 13, 2017 for agency records in Defendants' possession, custody, and control.

322.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this November 13, 2017 FOIA request – thus exceeding the statutory deadline for response by over one year.

323.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

324.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

325.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 22: FOIA Violation – March 29, 2018 Request

326.    Plaintiff re-alleges and incorporates by references paragraphs 1-136 as if fully set forth herein.

327.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

328.     Agencies must respond to FOIA requests within 20 business days, notifying the requestor of its decision regarding release of the records, and, in the case of an adverse determination, the requestor's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

329.     Defendants have violated FOIA by failing to comply with these requirements.

330.     The ASPCA submitted a FOIA request on March 29, 2018 for agency records in Defendants' possession, custody, and control.

331.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this March 29, 2018 FOIA request − thus exceeding the statutory deadline for response by nearly one year.

332.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

333.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

334.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 23: FOIA Violation – April 13, 2018 Request*

335.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

336.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

337.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

338.     Defendants have violated FOIA by failing to comply with these requirements.

339.     The ASPCA submitted a FOIA request on April 13, 2018 for agency records in Defendants' possession, custody, and control.

340.     As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this April 13, 2018 FOIA request – thus exceeding the statutory deadline for response by several months.

341.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

342.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

343.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

## Count 24: FOIA Violation – June 7, 2018

344.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

345.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

346.    Agencies must respond to FOIA requests within 20 business days, notifying the requestor of its decision regarding release of the records, and, in the case of an adverse determination the requestor's right to appeal the decision.  5 U.S.C. § 552 (a)(6)(A)(i).

347.    Defendants have violated FOIA by failing to comply with these requirements.

348.    The ASPCA submitted a FOIA request on June 7, 2018 for agency records in Defendants' possession, custody, and control.

349.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this June 7, 2018 FOIA request − thus exceeding the statutory deadline for response by several months.

350.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

351.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

352.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 25: FOIA Violation – July 2, 2018 Request*

353.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

354.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

355.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

356.    Defendants have violated FOIA by failing to comply with these requirements.

357.    The ASPCA submitted a second FOIA request on July 2, 2018 for agency records in Defendants' possession, custody, and control.

358.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) release records to the ASPCA in response to this July 2, 2018 FOIA request – thus exceeding the statutory deadline for response by several months.

359.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

360.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

361.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### *Count 26: FOIA Violation – Second July 2, 2018 Request*

362.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

363.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

364.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of an adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

365.    Defendants have violated FOIA by failing to comply with these requirements.

366.    The ASPCA submitted a third FOIA request on July 2, 2018 for agency records in Defendants' possession, custody, and control.

367.    As of the date of this filing, Defendants have failed to; (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this July 2, 2018 FOIA request – thus exceeding the statutory deadline for response by several months.

368.   Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

369.   The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

370.   Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 27: FOIA Violation – October 1, 2018 Request

371.   Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

372.   FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

373.   Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

374.   Defendants have violated FOIA by failing to comply with these requirements.

375.   The ASPCA submitted a FOIA request on October 1, 2018 for agency records in Defendants' possession, custody, and control.

376.   As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the

ASPCA in response to this October 1, 2018 request – thus exceeding the statutory deadline for response by several months.

377. Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

378. The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

379. Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 28: FOIA Violation – Second October 1, 2018 Request

380. Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

381. FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record. 5 U.S.C. §§ 552 (a)(3)(A),(b).

382. Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision. 5 U.S.C. § 552(a)(6)(A)(i).

383. Defendants have violated FOIA by failing to comply with these requirements.

384. The ASPCA submitted a FOIA request on October 1, 2018 for agency records in Defendants' possession, custody, and control.

385. As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii)

advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this October 1, 2018 request – thus exceeding the statutory deadline for response by several months.

386.     Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

387.     The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

388.     Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 29: FOIA Violation – November 2, 2018 Request

389.     Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

390.     FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

391.     Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

392.     Defendants have violated FOIA by failing to comply with these requirements.

393.     The ASPCA submitted a FOIA request on November 2, 2018 for agency records in Defendants' possession, custody, and control.

394.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this November 2, 2018 request – thus exceeding the statutory deadline for response by several months.

395.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

396.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

397.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 30: FOIA Violation – December 3, 2018 Request

398.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

399.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

400.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

401.    Defendants have violated FOIA by failing to comply with these requirements

402.    The ASPCA submitted a FOIA request on December 3, 2018 for agency records in Defendants' possession, custody, and control.

403.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this December 3, 2018 request – thus exceeding the statutory deadline for response by several months.

404.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

405.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

406.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 31: FOIA Violation – December 4, 2018 Request

407.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

408.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

409.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

71

410.    Defendants have violated FOIA by failing to comply with these requirements.

411.    The ASPCA submitted a FOIA request on December 4, 2018 for agency records in Defendants' possession, custody, and control.

412.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this December 4, 2018 request – thus exceeding the statutory deadline for response by several months.

413.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

414.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

415.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 32: FOIA Violation – December 20, 2018 Request

416.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

417.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

418.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

419.    Defendants have violated FOIA by failing to comply with these requirements.

420.    The ASPCA submitted a FOIA request on December 20, 2018 for agency records in Defendants' possession, custody, and control.

421.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this December 20, 2018 request – thus exceeding the statutory deadline for response by several months.

422.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

423.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

424.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

*Count 33: FOIA Violation – January 9, 2019 Request*

425.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

426.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

427.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

428.    Defendants have violated FOIA by failing to comply with these requirements.

429.    The ASPCA submitted a FOIA request on January 9, 2019 for agency records in Defendants' possession, custody, and control.

430.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this January 9, 2019 request – thus exceeding the statutory deadline for response by several months.

431.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

432.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

433.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 34: FOIA Violation - Second January 9, 2019 Request

434.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

435.    FOIA requires that Defendants "shall make [] records promptly available to any person" upon request, unless exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552 (a)(3)(A),(b).

436.    Agencies must respond to FOIA requests within 20 business days, notifying the requester of its decision regarding release of the records, and, in the case of adverse determination, the requester's right to appeal the decision.  5 U.S.C. § 552(a)(6)(A)(i).

437.    Defendants have violated FOIA by failing to comply with these requirements.

438.    The ASPCA submitted a FOIA request on January 9, 2019 for agency records in Defendants' possession, custody, and control.

439.    As of the date of this filing, Defendants have failed to: (i) determine whether to comply with this request, (ii) notify Plaintiff of any such determination or reasons therefor, (iii) advise Plaintiff of the right to appeal any adverse determination, or (iv) release records to the ASPCA in response to this January 9, 2019 request – thus exceeding the statutory deadline for response by several months.

440.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in their entirety, from the ASPCA.

441.    The ASPCA has exhausted its administrative remedies with regard to this FOIA request.

442.    Further, it is substantially likely that Defendants will similarly improperly withhold inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

**Count 35: FOIA Violation - Appeal of Response to March 27, 2017 Request**

443.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

444.    FOIA requires that Defendants "shall make [ ] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C. §§ 552(a)(3)(A),(b).

445.    Defendants violated FOIA by failing to comply with this requirement.

446.    The ASPCA submitted a FOIA request on March 27, 2017 for agency records in Defendants' possession, custody, and control.

447.    In its May 10, 2018 response, Defendants improperly relied on FOIA Exemptions 6 and 7 (C) to withhold or redact all or portions of the requested agency records to which the stated Exemptions did not lawfully apply.

448.    Subsequently, the ASPCA exhausted its administrative remedies with Defendants: the ASPCA timely appealed Defendants' determination of the ASPCA's March 27, 2017 request on August 8, 2018, and Defendants have not responded to that administrative appeal.

449.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in part or in their entirety, from the ASPCA.

450.    Further, it is substantially likely that Defendants will similarly improperly rely on Exemptions 6 and 7(C) to withhold or redact inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 36: FOIA Violation - Appeal of Response to March 29, 2018 Request

451.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

452.    FOIA requires that Defendants, shall make [ ] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C §§ 552(a)(3)(A),(b).

453.    Defendants violated FOIA by failing to comply with this requirement.

454.    The ASPCA submitted a FOIA request on March 29, 2018 for agency records in Defendants' possession, custody and control.

455.    In in its August 8, 2018 response, Defendants improperly relied on FOIA Exemptions 6 and 7 (C) to withhold or redact all or portions of the requested agency records to which the stated Exemptions did not lawfully apply.

456.    Subsequently, the ASPCA exhausted its administrative remedies with Defendants: the ASPCA timely appealed Defendants determination of the March 29, 2018 request on October 29, 2018, and Defendants have not responded to that administrative appeal.

457.    Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in part or in their entirety, from the ASPCA.

458.    Further, it is substantially likely that Defendants will similarly improperly rely on Exemptions 6 and 7 (C) to withhold or redact inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 37: FOIA Violation – Appeal of Response to May 25, 2018 Request

459.    Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

460. FOIA requires that Defendants, "shall make [ ] records promptly available to any person" upon request, unless a statutory exemption lawfully permits withholding of the record or redaction of a segregable portion of the record.  5 U.S.C §§ 552(a)(3)(A),(b).

461. Defendants violated FOIA by failing to comply with this requirement.

462. The ASPCA submitted a FOIA request on May 25, 2018 for agency records in the Defendants' possession, custody and control.

463. In its August 23, 2018 response, Defendants improperly relied on FOIA Exemptions 6 and 7 (C) to withhold or redact all or portions of the requested agency records to which the stated Exemptions did not lawfully apply.

464. Subsequently, the ASPCA exhausted its administrative remedies with Defendants: the ASPCA timely appealed Defendants determination of the ASPCA's May 25, 2018 request on October 29, 2018, and Defendants have not responded to that administrative appeal.

465. Thus, in violation of FOIA, Defendants have and continue to improperly withhold requested agency records, in part or in their entirety, from the ASPCA.

466. Further, it is substantially likely that Defendants will similarly improperly rely on Exemptions 6 and 7(C) to withhold or redact inspection photographs, enforcement records, and inspection reports in response to future FOIA requests.

### Count 38: FOIA Violation – Policy and Practice

467. Plaintiff re-alleges and incorporates by reference paragraphs 1-136 as if fully set forth herein.

468. Defendants have adopted, endorsed, or implemented a policy or practice that constitutes an ongoing failure to abide by the FOIA's requirements in connection with the processing of Plaintiff's FOIA requests and appeals and, in particular, of regularly and repeatedly

failing or refusing to respond to Plaintiff's appeals or release requested records or otherwise demonstrate that requested records are exempt from release within the time period required by FOIA or at least within a reasonable period of time.

469.   Plaintiff is being irreparably harmed by reason of Defendants' unlawful policy or practice and will continue to be irreparably harmed unless Defendants' are compelled to comply fully with the FOIA's procedural requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court provide the following relief:

1.   Declare that Defendants have violated FOIA by unlawfully withholding requested agency records;

2.   Order Defendants to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to each request;

3.   Order Defendants to release, by a date certain, any and all non-exempt records responsive to each request and a *Vaughn index* of any responsive records withheld under claim of exemption;

4.   Enjoin Defendants from continuing to unlawfully withhold requested agency records and information;

5.   Issue a permanent injunction directing Defendants to release to Plaintiff all wrongfully withheld records;

6.   Declare that Defendants' policy or practice of failing to abide by the FOIA's procedural requirements is unlawful;

7.   Enjoin Defendants from maintaining or continuing their policy or practice of violating the FOIA's procedural requirements;

8.      Maintain jurisdiction over this action until Defendants comply with the FOIA and all orders of this Court;

9.      Enter an order declaring the Plaintiff is entitled to a full fee waiver under 5 U.S.C. § 555(a)(4)(A);

10.     Award the ASPCA its costs and reasonable attorneys' fees for in-house and outside counsel pursuant to 5 U.S.C.§ 552 (a)(4)(E); and

11.     Grant such additional and further relief as the Court deems just and proper.

Dated:  New York, New York

        April 8, 2019

                                        Respectfully submitted,

                                        COOLEY LLP

                                        By: */s/ Kaitland M. Kennelly*
                                        Kaitland M. Kennelly (KK-9574)
                                        Cooley LLP
                                        55 Hudson Yards
                                        New York, New York 10001
                                        Phone: (212) 479-6643
                                        Fax: (212) 479-6275
                                        kkennelly@cooley.com

                                        and

                                        Jennifer H. Chin (JC-6317)
                                        Vice President, Legal Advocacy
                                        ASPCA
                                        520 8th Avenue, 7th Floor
                                        New York, New York
                                        Phone: (212) 876-7700
                                        jennifer.chin@aspca.org

                                        *Attorneys for Plaintiff*