

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<em>86 Chambers Street</em><br/>
<em>New York, New York 10007</em>

July 1, 2019

<u>Via ECF & Hand Delivery</u>

Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 21A
New York, NY 10007-1312

  Re: *American Society for the Prevention of Cruelty to Animals v. The Animal and Plant Health Inspection Service et al.*, 19 Civ. 03112 (NRB)

Dear Judge Buchwald:

  This Office represents defendants the Animal and Plant Health Inspection Service and the United States Department of Agriculture (together, "Defendants") in the above-referenced matter, which arises under the Freedom of Information Act ("FOIA"). In accordance with Part II.B of the Court's Individual Rules of Practice, I write respectfully to request a pre-motion conference regarding Defendants' anticipated partial motion to dismiss the FOIA policy and practice claim brought by plaintiff American Society for the Prevention of Cruelty to Animals ("Plaintiff"). *See* Dkt. No. 22 (the "Amended Complaint" or "Am. Compl.") (Count 27). Plaintiff's remaining 26 counts of the Amended Complaint pertain to specific FOIA requests, which Defendants anticipate will be resolved, if necessary, through cross-motions for summary judgment, as is typical in FOIA cases. As of today, Defendants have responded to the majority of the requests identified in the Amended Complaint; three responses were sent to Plaintiff today; and one request (of 26 total) remains outstanding. Defendants' response to the Complaint is due July 1, 2019. The bases for the motion are set forth below.

**I. The Complaint**

  Plaintiff seeks declaratory and injunctive relief for Defendants' alleged FOIA violations related to 26 FOIA requests and appeals submitted by Plaintiff between February 11, 2016 and January 9, 2019. *See* Am. Compl. at 1 & ¶ 1.[1] With respect to the first 26 counts of the Amended Complaint, Plaintiff alleges that Defendants (i) did not promptly make records available to Plaintiff, *id.* ¶ 138; (ii) did not respond to each request within 20 business days, *id.* ¶ 139; and (iii) improperly relied on FOIA exemptions, *id.* ¶¶ 356, 364. Plaintiff's "policy and practice" claim alleges that Defendants "regularly and repeatedly failed or refused" to respond to

---

[1] Plaintiff's original complaint, filed on April 8, 2019, identified 43 requests and asserted 38 counts. *See* Dkt. No. 1. The Amended Complaint removed 12 counts, which pertained to FOIA requests that Defendants had responded to prior to the filing of the complaint, and challenges 26 FOIA requests and appeals, rather than the 43 requests identified in the original complaint. *Cf.* Dkt. No. 22, *with* Dkt. No. 1.

complaints within 20 business days and to appeals within the time period required by FOIA. *Id.* ¶ 379. As a result, Plaintiff alleges that Defendants "released only substantially redacted records" "[a]fter months, or in some cases, years of delay." *Id.* ¶ 380.

## II. Plaintiff's Policy and Practice Claim Makes Only Conclusory Allegations of a Policy of Repeated Delays and Should Be Dismissed

The Second Circuit "has not yet recognized or articulated the inquiry relevant to a pattern or practice claim in the FOIA context." *Pietrangelo v. U.S. Army*, 334 F. App'x 358, 360 (2d Cir. June 4, 2009). The handful of district courts in this Circuit to have nevertheless considered a FOIA policy or practice claim have applied stringent standards developed by courts in the District of Columbia Circuit. *See Panjiva, Inc. v. United States Customs & Border Prot.*, 342 F. Supp. 3d 481, 494 (S.D.N.Y. 2018) (dismissing policy or practice claim that was merely "duplicative of Plaintiffs' FOIA claims"); *Whitaker v. Dep't of Commerce*, 2017 WL 6547880, at *6 (D. Vt. Dec. 20, 2017), *certificate of appealability denied*, 2018 WL 1972453 (D. Vt. Apr. 26, 2018) (dismissing policy or practice claim where the agency's responses were the "result of individual evaluations of each request" by an agency); *New York Times Co. v. F.B.I.*, 822 F. Supp. 2d 426, 431 (S.D.N.Y. 2011) (dismissing policy or practice claim alleging improper assertion of exemptions).

Even assuming policy or practice claims can be cognizable, Plaintiff fails to state such a claim. The D.C. Circuit defined a FOIA policy or practice claim in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988). In *Payne*, Air Force officers refused to provide documents to the requester for over two years, forcing the plaintiff to make repeated appeals. *Id.* at 489-91. The D.C. Circuit concluded that the agency's conduct was "sufficiently outrageous to warrant a court order," *id.* at 494 (citation omitted), explaining that a policy or practice claim is an exception to mootness and is recognized where an agency has a policy or practice that "will impair the party's lawful access to information in the future." *Id.* at 491. And while "informal agency conduct resulting in long delays in making requested non-exempt records available may serve as the basis for a policy or practice claim" in the D.C. Circuit, "not all agency delay or other failure to comply with FOIA's procedural requirements will warrant judicial intervention, much less injunctive relief." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec'y*, 895 F.3d 770, 777-778, 782 (D.C. Cir. 2018).

Here, Plaintiff's policy or practice claim centers on Defendants' alleged failure to make a determination on Plaintiff's requests within 20 days. *See* Am. Compl. ¶ 379. Although FOIA expects agencies to provide a determination to requesters within 20 days, the only "penalty" for noncompliance with the 20-day timeline "is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013). The D.C. Circuit has "recognize[d] that agencies may not always be able to adhere to the timelines that trigger the exhaustion requirement" and "it would be 'a practical impossibility for agencies to process all [FOIA] requests completely within twenty days.'" *Id.* (citation omitted). Indeed, Plaintiff's own allegations acknowledge Defendants' crippling backlog of requests. *See* Am. Compl. ¶ 48 ("As of the end of 2018, the Agencies' backlog of FOIA requests was in excess of one thousand unfulfilled requests."). Thus, any delay by Defendants in responding to Plaintiff's requests may plausibly be attributed to the significant backlog, and does not constitute or show an unlawful

policy or practice. *See Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976) ("The good faith effort and due diligence of the agency to comply with all lawful demands under the Freedom of Information Act in as short a time as is possible by assigning all requests on a first-in, first-out basis, except those where exceptional need or urgency is shown, is compliance with the Act.").

Moreover, Plaintiff's allegations are distinguishable from successful policy or practice claims based on repeated delays. For example, in *Judicial Watch, Inc. v. United States Dep't of Homeland Sec.*, 895 F.3d 770, 782 (D.C. Cir. 2018), the requester was "forced to file six lawsuits" prior to obtaining *any* response from the agency. In contrast, Defendants responded to numerous requests by Plaintiff prior to the initiation of this action. *See supra* n.1; *see also* Am. Compl. ¶¶ 155, 165, 221, 380. In addition, Plaintiff has another pending case against the same defendants that does not challenge alleged delay, but rather exemptions claimed in Defendants' responses to other FOIA requests. *See* Complaint (Dkt. No. 1), *American Society for the Prevention of Cruelty to Animals v. The Animal and Plant Health Inspection Service et al.*, 18 Civ. 04559 (GBD) (S.D.N.Y. May 23, 2018).

Here, Plaintiff's policy or practice claim makes only conclusory allegations that Defendants have "adopted, endorsed, or implemented a policy or practice" of noncompliance with FOIA based on delay. Am. Compl. ¶ 379. However, the claim does not point to any underlying facts indicating that the agency has developed a policy or practice of noncompliance with FOIA. Conclusory allegations generally do not satisfy Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a plaintiff must allege more than repeated delays to bring an actionable policy or practice claim. *See Am. Ctr. for Law & Justice v. United States Dep't of State*, 289 F. Supp. 3d 81, 87 (D.D.C. 2018) ("[D]elay alone, even repeated delay, is not the type of illegal policy or practice that is actionable under *Payne*." (quoting *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 293 (D.D.C. 2013)); *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 70 (D.D.C. 2016) (dismissing policy or practice claim that alleged only repeated delay); *Competitive Enter. Inst. v. United States Envtl. Prot. Agency*, 153 F. Supp. 3d 376, 384 (D.D.C. 2016) (dismissing policy or practice claim where delays were unconnected to a "broader policy or practice"); *Del Monte Fresh Produce N.A., Inc. v. United States*, 706 F. Supp. 2d 116, 120 (D.D.C. 2010) (granting motion to dismiss a policy or practice claim based on delay); *Ctr. for Biological Diversity v. Gutierrez*, 451 F. Supp. 2d 57, 70–71 (D.D.C. 2006) (finding that mere delays do not constitute a policy or practice); *Pub. Employees for Envtl. Responsibility v. U.S. Dep't of Interior*, 2006 WL 3422484, at *9 (D.D.C. Nov. 28, 2006) (dismissing claim based on a five-month delay). Rather, "[u]nexplained agency delay still requires the district court to determine whether the agency's conduct in failing to conform to FOIA's procedural requirements demonstrates a lack of due diligence and is so delinquent or recalcitrant as to warrant injunctive relief because ordinary remedies … would be inadequate to overcome an agency policy or practice." *Judicial Watch, Inc.*, 895 F.3d at 783. Plaintiff's allegations fail to establish that any agency delay amounts to the type of sufficiently outrageous conduct necessary to sustain a policy or practice claim.

For the above-stated reasons, Defendants respectfully request that the Court schedule a pre-motion conference to address their anticipated partial motion to dismiss.

We thank the Court for its consideration of this request.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: <u>s/ Natasha W. Teleanu</u>
    NATASHA W. TELEANU
    Assistant United States Attorney
    Telephone 212-637-2528
    Facsimile  212-637-2786
    E-mail:    natasha.teleanu@usdoj.gov