# Cooley

Erin M. Estevez                                                      Via ECF and Hand Delivery
+1 202 728 7065
eestevez@cooley.com

July 8, 2019

The Honorable Naomi Reice Buchwald
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007

**Re:** *American Society for the Prevention of Cruelty to Animals v. The Animal and Plant Health Inspection Service, et al.*, **No. 1:19-cv-03112 (NRB)**

Your Honor:

This firm and the undersigned represent Plaintiff the American Society for the Prevention of Cruelty to Animals ("ASPCA") in the above-captioned action against Defendants The Animal and Plant Health Inspection Service and the United States Department of Agriculture (together, the "Agencies" or the "government"). We write in response to the government's July 1, 2019, letter requesting a pre-motion conference regarding an anticipated partial motion to dismiss Count 27 of the ASPCA's Amended Complaint (the "Policy or Practice Claim"). Dkt. No. 25. While the ASPCA is willing to participate in such a conference with the Court, the government's planned motion is legally unfounded and inappropriate at this stage.

*Background.* The ASPCA filed its original complaint on April 8, 2019, concerning several dozen Freedom of Information Act ("FOIA") requests and appeals that the ASPCA submitted to the Agencies, and alleging the Policy or Practice Claim. *See* Dkt. No. 1. On May 7, 2019, the government moved for a two-week extension of its time to respond, from May 10 to May 24, 2019, to which the ASPCA consented. Dkt. No. 14. In the interim, counsel for the ASPCA and counsel for the government communicated, and the ASPCA discovered that the Agencies sent responses to some of the FOIA requests at issue prior to filing to a temporarily unmonitored email address. The ASPCA thus asked to file an amended complaint by May 31, 2019, updating the factual allegations regarding its requests, which the Court granted. Dkt. No. 21.

The ASPCA also consented to the government's request for an additional 30 days to respond to the Amended Complaint, adjourning the government's deadline until July 1, 2019. *Id.* This gave the government nearly three months with the ASPCA's allegations and represented an extension over the deadline set by the Federal Rules of Civil Procedure for responding to amended pleadings (*see* Fed. R. Civ. P. 15(a)(3)), despite the fact that the amendment *reduced* the number of FOIA requests and appeals at issue. *See* Dkt. No. 22. Nevertheless, on the night of its response deadline, the government filed its letter requesting a pre-motion conference for a potential, partial

# Cooley

Hon. Naomi Reice Buchwald
July 8, 2019
Page Two

motion to dismiss limited to Count 27. Dkt. No. 25. Government counsel did not inform counsel for the ASPCA of its intention to do so beforehand. In accordance with Part 2.B of the Court's Individual Practices, the ASPCA submits this response within three business days.

 ***The Government's Anticipated Motion is Legally Unfounded.*** As the basis for the government's anticipated motion, the Agencies suggest that the Policy or Practice Claim "centers on Defendants' alleged failure to make a determination on Plaintiff's requests within 20 days" and that the ASPCA's "allegations fail to establish that any agency delay amounts to the type of sufficiently outrageous conduct necessary to sustain a policy or practice claim." Dkt. No. 25 at 2-3. In fact, Count 27 alleges that the Agencies have adopted a continuing and systemic pattern of failing to abide by the FOIA's requirements for processing requests and appeals. Dkt. No. 22 at ¶ 379. The Agencies regularly and repeatedly disregard not just the statutory deadlines for doing so, but routinely inexplicably fail to respond at all, or respond with substantially redacted records without legitimate bases after months and sometimes years of delay. *Id.* ¶¶ 379-380. A motion to dismiss will be denied where a complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation omitted).

 The government's assertion that the ASPCA's Amended Complaint "does not point to any underlying facts indicating that the agency has developed a policy or practice of noncompliance with FOIA," is entirely erroneous. Paragraphs 50-84 and 110-120 identify 35 separate instances of the Agencies' failure or refusal to issue a determination within the 20-day statutory period for response, as well as 26 instances of the Agencies' failure or refusal to respond *at all* to the ASPCA's FOIA requests or appeals even after months or years. Furthermore, the ASPCA's other pending FOIA lawsuit against the Agencies (referenced in the government's letter) was filed only after the Agencies failed or refused to respond for over a year to four administrative appeals of responses that were themselves years overdue. Prior to filing this case, counsel for the ASPCA implored government counsel to advise the Agencies of their obligation to abide by FOIA's requirements and respond to two additional unanswered administrative appeals. Dkt. No. 22, Ex. 1. It was in the context of this ongoing delay, and the passage of more a year since the ASPCA was forced to file its first suit against the Agencies, that the ASPCA filed this case which, by itself, identifies a total of *over 60 separate instances* in which the Agencies have disregarded their obligations under the FOIA. These are the "underlying facts" that the Amended Complaint sets forth and upon which the Policy or Practice Claim relies, and they are broader than what the Agencies (mis)construe to be the mere failure to respond within 20 days. The allegations underlying the Policy or Practice Claim are legally sufficient.

 Ironically, the Agencies tout the fact that they have now responded to all but one of the 26 FOIA requests and appeals identified in the Amended Complaint. Dkt. No. 25 at 1. In other words, in the last three months they did what they could not (or refused) to do in the last three

# Cooley

Hon. Naomi Reice Buchwald
July 8, 2019
Page Three

years for FOIA requests dating back to 2016, apparently in an effort to ensure that they can answer the complaint by saying they have now responded. This exemplifies the very conduct about which the ASPCA complains – FOIA requests inexplicably sit with no response, or inadequate or severely delayed responses, and only litigation has prompted the Agencies to act on the requests at issue, while numerous requests submitted *after this suit was filed* are now themselves outstanding and late. The Agencies should abide by their FOIA obligations without the ASPCA (or anyone else) having to file serial lawsuits. Remarkably, the Agencies point to a backlog (of their own creation) of FOIA requests as a shield, positing that it forms a legitimate basis for utter disregard of their statutory obligations. Dkt. No. 25 at 2-3. The Agencies' response to the ASPCA's lawsuit, their self-created backlog, and their continuing post-litigation disregard of their FOIA obligations all bolster – rather than rebut – the Policy or Practice Claim.

*The Government's Anticipated Motion is Inappropriate at this Stage.* According to government counsel, the Agencies anticipate that Counts 1 through 26 pertaining to specific FOIA requests and appeals will likely be resolved, if necessary, through cross-motions for summary judgment. Dkt. No. 25 at 1. The Policy or Practice Claim is similarly inappropriate for resolution on a Rule 12 motion to dismiss. As described above, the ASPCA has met its pleading burden, and adequately alleged the Policy or Practice Claim. The burden is thus on the Agencies to establish a legitimate, good faith basis for their conduct. *See Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec'y*, 895 F.3d 770, 782 (D.C. Cir. 2018). This requires factual development, and most of the cases upon which the Agencies rely were decided on a motion for summary judgment or held that dismissal on the pleadings was inappropriate. *See*, *e.g.*, *Whitaker v. Dep't of Commerce*, 2017 WL 6547880 (D. Vt. Dec. 20, 2017); *New York Times Co. v. F.B.I.*, 822 F. Supp. 2d 426 (S.D.N.Y. 2011); *Payne Enters., Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988).

In fact, it was precisely the type of argument the Agencies make here that the D.C. Circuit criticized and overturned in *Judicial Watch*. The district court dismissed a policy or practice claim, finding that the allegation of 19 outstanding FOIA requests over a year-long period was insufficient, as the plaintiff had not pointed to facts establishing "*why* the requests were delayed or *how* the delays were the result of an either formal or informal [agency] policy or practice to violate FOIA's requirements, rather than an inevitable but unintended delay attributable to a lack of resources." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec'y*, 211 F. Supp. 3d 143, 146-47 (D.D.C. 2016) (emphases in original). In reversing, the D.C. Circuit found that the district court wrongfully "shifted to the requesting party the burden that FOIA places on the agency to explain its delay in making requested records available," and stated that the government would "have the opportunity on remand to explain its delays and to confirm how it intends in the future to conform to FOIA's mandate to make requested non-exempt records 'promptly available'." 895 F.3d at 782, 784.

The ASPCA would be happy to participate in a conference with the Court to address the foregoing, should the Court so desire. Counsel for the ASPCA is available at the Court's convenience, with the exception of Friday, July 19, 2019. We thank the Court for its consideration.

# Cooley

Hon. Naomi Reice Buchwald
July 8, 2019
Page Four

Respectfully submitted,

COOLEY LLP

*/s/ Erin M. Estevez*
Erin M. Estevez (*admitted pro hac vice*)
Bonnie Weiss McLeod (*admitted pro hac vice*)
1299 Pennsylvania Ave.
Suite 700
Washington, D.C. 20004
Phone: (202) 728-7065
Fax: (202) 842-7899
eestevez@cooley.com
bweissmcleod@cooley.com

Kaitland M. Kennelly (KK-9574)
55 Hudson Yards
New York, New York 10001-2157
Phone: (212) 479-6643
Fax: (212) 479-6275
kkennelly@cooley.com

and

Jennifer H. Chin (JC-6317)
Tamara Y. Feliciano (*admitted pro hac vice*)
ASPCA
520 8th Avenue, 7th Floor
New York, New York 10018
Phone: (212) 876-7700
Jennifer.chin@aspca.org
Tamara.feliciano@aspca.org

cc: Counsel of record (via ECF)