GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: NATASHA WAGLOW TELEANU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2528
Facsimile: (212) 637-2786
Email: natasha.teleanu@usdoj.gov

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, <br><br> Plaintiff, <br><br> v. <br><br> THE ANIMAL AND PLANT HEALTH INSPECTION SERVICE, and THE UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant. | 19 Civ. 03112 (NRB) <br><br> **ANSWER** |

Defendants, the Animal and Plant Health Inspection Service ("APHIS") and the United

States Department of Agriculture ("USDA") (together, "Defendants"), by their attorney,

Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby

answer the amended complaint of plaintiff the American Society for the Prevention of Cruelty to

Animals ("Plaintiff" or "ASPCA") upon information and belief as follows:

1.    Paragraph 1 of the amended complaint consists of Plaintiff's characterization of

this action and conclusions of law, to which no response is required.  To the extent a response is

required, deny the allegations in paragraph 1, except admit that Plaintiff submitted certain

requests under FOIA to Defendants, and aver that as of the date of this filing, Defendants have responded to 25 of the 26 requests and appeals.

2.     The first sentence of Paragraph 2 of the amended complaint consists of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in the first sentence of paragraph 2.  Defendants deny the allegations of the second sentence of paragraph 2, except admit that Plaintiff has sought certain enforcement action records, inspection reports, and inspection photographs.

3.     The first sentence of paragraph 3 of the amended complaint consists of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 3.  The second sentence of paragraph 3 of the amended complaint consists of Plaintiff's prayer for relief, no response is required.

4.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the amended complaint and on that basis deny the allegations.

5.     Paragraph 5 of the amended complaint consists of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that APHIS is a component of the USDA that administers the Animal Welfare Act.

6.     Paragraph 6 of the amended complaint consists of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that USDA is an agency of the federal government responsible for administering the AWA.

7.     Paragraph 7 of the amended complaint consists of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is required, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the

allegations in paragraph 7 of the amended complaint and on that basis deny the allegations.

8.      Paragraph 8 of the amended complaint consists of conclusions of law regarding venue, to which no response is required.

9.      The allegations in paragraph 9 of the amended complaint purport to characterize the Freedom of Information Act ("FOIA"), which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

10.     The allegations in paragraph 10 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

11.     The allegations in paragraph 11 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

12.     The allegations in paragraph 12 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

13.     The allegations in paragraph 13 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

14.     The allegations in paragraph 14 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

15.     The allegations in paragraph 15 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

16.     The allegations in paragraph 16 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

17.     The allegations in paragraph 17 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

18.     The allegations in paragraph 18 of the amended complaint consist of conclusions of law, characterizations of the FOIA, and citations to legal authorities regarding the FOIA, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA, its legislative history, or binding case law.

19.     The allegations in paragraph 19 of the amended complaint purport to characterize the Animal Welfare Act ("AWA"), which speaks for itself and is the best evidence of its content.

4

Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the AWA or with its legislative history.

20.     The allegations in paragraph 20 of the amended complaint purport to characterize the AWA and regulations promulgated under the AWA, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the AWA, with its legislative history, or the AWA regulations.

21.     The allegations in paragraph 21 of the amended complaint purport to characterize the AWA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the AWA or with its legislative history.

22.     The allegations in paragraph 22 of the amended complaint purport to characterize the AWA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the AWA or with its legislative history.

23.     The allegations in paragraph 23 of the amended complaint purport to characterize the AWA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the AWA or with its legislative history.

24.     The allegations in paragraph 24 of the amended complaint purport to characterize the AWA, regulations promulgated under the AWA, and material on an APHIS website, which speak for themselves and are the best evidence of their content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the AWA, with

its legislative history, the AWA regulations, or the material on the APHIS website.

25.     Defendants object that the allegations in paragraph 25 of the amended complaint are vague and ambiguous, and deny on that basis.

26.     Defendants object that the allegations in paragraph 26 of the amended complaint are vague and ambiguous, and deny on that basis.

27.     Defendants object that the allegations in paragraph 27 of the amended complaint are vague and ambiguous, and deny on that basis.

28.     Defendants object that the allegations in paragraph 28 of the amended complaint are vague and ambiguous, and deny on that basis.

29.     Defendants object that the allegations in paragraph 29 of the amended complaint are vague and ambiguous, and deny on that basis.

30.     The allegations in paragraph 30 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 30.

31.     The allegations in paragraph 31 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 31.

32.     The allegations in paragraph 32 of the amended complaint purport to characterize the AWA, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the AWA or with its legislative history.

33.     Defendants deny the allegations contained in paragraph 33 of the amended complaint, except admit that USDA Office of the Inspector General has issued reports regarding

APHIS, and Defendants and respectfully refer the Court to the referenced USDA Office of the Inspector General reports for the full and accurate contents of those reports.

34.     Defendants deny the allegations contained in paragraph 34 of the amended complaint.

35.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the amended complaint and on that basis deny the allegations, except admit that Defendants have at times maintained online databases.

36.     Paragraph 36 of the amended complaint consists of Plaintiff's characterization of agency databases, which are irrelevant to this action concerning Plaintiff's FOIA requests, and to which no response is required.  To the extent a response is required, Defendants admit that they have at times maintained online databases, and respectfully refer the Court to the relevant databases for the full and accurate contents of those databases.

37.     The allegations in paragraph 37 of the amended complaint purport to characterize a statement by former Deputy Administrator for Animal Care, Dr. Chester Gibson, and a 2010 annual FOIA report, which speak for themselves and are the best evidence of their content. Defendants deny the allegations to the extent they are inconsistent with the plain language of the statement and the annual report.

38.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of the amended complaint and on that basis deny the allegations.

39.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the amended complaint and on that basis deny the allegations.

40.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the amended complaint and on that basis deny the allegations.

41.     Defendants admit that in February 2017, the review of APHIS's website had been ongoing, and Defendants were striving to balance the need for transparency with rules protecting individual privacy and in 2016, APHIS decided to make adjustments to the posting of regulatory records.  As a result, during the past year, APHIS conducted a comprehensive review of the information it posts on its website for the general public to view, and as a result of the comprehensive review, APHIS has implemented actions to remove certain personal information from documents it posts on APHIS's website.  Defendants deny the remaining allegations in paragraph 41 of the amended complaint, and respectfully refer the Court to the February 3 and 7, 2017 stakeholder announcements it posted online for additional background.

42.     Defendants deny the allegations contained in paragraph 42 of the amended complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the amended complaint.

44.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first clause of paragraph 44 of the amended complaint and on that basis deny the allegations.  The remainder of paragraph 44 of the amended complaint purports to characterize statements from the Congressional House of Representatives, which speak for themselves and are the best evidence of their content.  Defendants respectfully refer the Court to the cited House Report for the full contents therein.

45.     Defendants deny the allegations contained in the first, fourth, and fifth sentences

8

of paragraph 45 of the amended complaint.  The citation following the fourth sentence of

paragraph 45 of the amended complaint consists of conclusions of law, to which no response is

required.  As to the remainder of the allegations in paragraph 45 of the amended complaint,

Defendants deny the allegations to the extent they are inconsistent with the full and accurate

contents of the materials posted on APHIS's website.

46.     The allegations in paragraph 46 of the amended complaint purport to characterize

a statement from an annual report contained on an APHIS website, which speaks for itself and is

the best evidence of its content.  Defendants deny the allegations to the extent they are

inconsistent with the full and accurate contents of the statement.

47.     Defendants are without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations in paragraph 47 of the amended complaint and on that basis

deny the allegations, except admit that Defendants' FOIA requests have increased in recent

years, but deny that Defendants experienced a "systemic breakdown" of their "FOIA process."

48.     Admit that as of the end of fiscal year 2018, APHIS had 1,081 backlogged

requests.  Defendants deny the allegations contained in the second sentence of paragraph 48 of

the amended complaint.

49.     Defendants deny the allegations contained in the first and second sentences of

paragraph 49 of the amended complaint.  The third sentence of paragraph 49 consists of

conclusions of law, to which no response is required.  To the extent a response is required, deny

the allegations contained in the third sentence of paragraph 49.

50.     Defendants admit that ASPCA submitted a FOIA request, dated February 11,

2016, seeking January 2016 inspection photographs (to include all inspectors' notes pertaining to

the photographs) from the ACIS database for all dog breeders, and Defendants respectfully refer

the Court to the request for the full contents therein.  Defendants further admit that ASPCA's

February 11, 2016 request was received by APHIS and assigned tracking number 2019-APHIS-

03497-F, and aver that Defendants provided a response to ASPCA, dated May 21, 2019, in

which Defendants released 394 pages of records responsive to ASPCA's request, some of which

contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7).  *See* 5 U.S.C. § 552(b)(6)-

(7).

  51. Defendants admit that ASPCA submitted a FOIA request, dated April 13, 2016,

seeking March 2016 inspection photographs (to include all inspectors' notes pertaining to the

photographs) from the ACIS database for all dog breeders, and Defendants respectfully refer the

Court to the request for the full contents therein.  Defendants further admit that ASPCA's April

13, 2016 request was received by APHIS and assigned tracking number 2016-APHIS-03302-F,

and aver that Defendants provided a response to ASPCA, dated August 30, 2018, in which

Defendants released 461 pages of records responsive to ASPCA's request, some of which

contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7).  *See* 5 U.S.C. § 552(b)(6)-

(7).

  52. Defendants admit that ASPCA submitted a FOIA request, dated May 8, 2016,

seeking copies of all April 2016 inspection photographs (to include all inspectors' notes

pertaining to the photographs) from the ACIS database, for all dog breeders, and Defendants

respectfully refer the Court to the request for the full contents therein.  Defendants further admit

that ASPCA's May 8, 2016 request was received by APHIS and assigned tracking number 2016-

APHIS-03751-F, and aver that Defendants provided a response to ASPCA, dated September 12,

2016, in which Defendants released 214 photographs responsive to ASPCA's request.

  53. Defendants admit that ASPCA submitted a FOIA request, dated June 7, 2016,

seeking May 2016 inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's June 7, 2016 request was received by APHIS and assigned tracking number 2016-APHIS-04201-F, and aver that Defendants provided a response to ASPCA, dated November 4, 2016, in which Defendants released 387 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4) and (b)(6).  *See* 5 U.S.C. § 552(b)(4), (6).

54.     Defendants admit that ASPCA submitted a FOIA request, dated July 12, 2016, seeking June 2016 inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 12, 2016 request was received by APHIS and assigned tracking number 2016-APHIS-04697-F, and aver that Defendants provided a response to ASPCA, dated December 30, 2016, in which Defendants released 10 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

55.     Defendants admit that ASPCA submitted a FOIA request, dated February 19, 2017, seeking January 2017 inspection reports and inspection photographs (to include all inspectors' notes pertaining to the photographs) from the ACIS database for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's February 19, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-02163-F, and aver that Defendants provided

11

a response to ASPCA, dated September 11, 2017, in which Defendants released 206 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

56.    Defendants admit that ASPCA submitted a FOIA request, dated March 3, 2017, seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) during the period August 2016 – February 2017, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's March 3, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-03692-F, and aver that Defendants provided a response to ASPCA, dated April 19, 2019, in which Defendants released 84 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(c).  *See* 5 U.S.C. § 552(b)(6), (7)(c).

57.    Defendants admit that ASPCA submitted a FOIA request, dated May 1, 2017, seeking March 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's May 1, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-03967-F, and aver that Defendants provided a response to ASPCA, dated July 1, 2019, in which Defendants released 768 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4), (b)(6), and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(4), (6), (7)(C).

58.    Defendants admit that ASPCA submitted a FOIA request, dated May 1, 2017, seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints,

decisions and orders, pre-settlement agreements, stipulations, etc.) for April 2017, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's May 1, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-03966-F, and aver that Defendants provided a response to ASPCA, dated November 15, 2018, in which Defendants released 13 documents responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), (7)(C).

59.    Defendants admit that ASPCA submitted a FOIA request, dated May 24, 2017, seeking a list of all active licensed dog breeders and dog brokers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's May 24, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-04515-F, and aver that Defendants provided a response to ASPCA, dated October 15, 2018, in which Defendants released 153 pages of records responsive to ASPCA's request, released in their entirety.

60.    Defendants admit that ASPCA submitted a FOIA request, dated July 5, 2017, seeking May 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 5, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-05339-F, and aver that Defendants provided a response to ASPCA, dated April 11, 2019, in which Defendants released 1,177 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

61.    Defendants admit that ASPCA submitted a FOIA request, dated July 5, 2017,

13

seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for June 2017, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 5, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-05338-F, and aver that Defendants provided a response to ASPCA, dated December 19, 2018, in which Defendants informed Plaintiff that they identified no responsive records in response to ASPCA's request.

62.    Defendants admit that ASPCA submitted a FOIA request, dated July 20, 2017, seeking animal counts for all licensed dog breeders (Class A) and dog dealers (Class B), and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 20, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-05653-F, and aver that Defendants provided a response to ASPCA, dated November 28, 2018, in which Defendants released 58 pages of records responsive to ASPCA's request, released in their entirety.

63.    Defendants admit that ASPCA submitted a FOIA request, dated July 31, 2017, seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for July 2017, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 31, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-05844-F, and aver that Defendants provided a response to ASPCA, dated April 17, 2019, in which Defendants released 45 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

14

64.     Defendants admit that ASPCA submitted a FOIA request, dated August 25, 2017, seeking all 2017 documentation related to an individual licensee, including but not limited to all correspondence, including all emails, photographs, videos (to include all inspectors' notes pertaining to the photographs and videos), inspection reports and enforcement records, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's August 25, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-06300-F, and aver that they anticipate providing a determination on this request by the end of August 2019.

65.     Defendants admit that ASPCA submitted a FOIA request, dated on or about August 29, 2017, seeking July 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's August 29, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-06369-F, and aver that Defendants provided a response to ASPCA, dated October 5, 2018, in which Defendants released 3 videos and 950 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

66.     Defendants admit that ASPCA submitted a FOIA request, dated on or about August 29, 2017, seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for August 2017, and Defendants respectfully refer the Court to the request for the full contents therein. Defendants further admit that ASPCA's August 29, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-06372-F, and aver that Defendants provided a response

to ASPCA, dated April 11, 2019, in which Defendants released 2 videos and 189 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), (7)(C).

67.     Defendants admit that ASPCA submitted a FOIA request, dated September 15, 2017, seeking all inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for an individual licensee, to cover the period from December 14, 2016 through September 15, 2017, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's September 15, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-06640-F, and aver that Defendants provided a response to ASPCA, dated March 26, 2018, in which Defendants released 56 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), (7)(C).

68.     Defendants admit that ASPCA submitted a FOIA request, dated October 16, 2017, seeking all Notices of Confiscation and related correspondence related to confiscations for Class A dog Breeders and Class B dog Dealers, to cover the period January 1, 2016 through October 1, 2017, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's October 16, 2017 request was received by APHIS and assigned tracking number 2018-APHIS-00406-F, and aver that Defendants provided a response to ASPCA, dated May 15, 2019, in which Defendants informed ASPCA that they did not locate any records for the requested information for the timeframe specified in ASPCA's request.

69.     Defendants admit that ASPCA submitted a FOIA request, dated November 13, 2017, seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints,

decisions and orders, pre-settlement agreements, stipulations, etc.) for October 2017, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's November 13, 2017 request was received by APHIS and assigned tracking number 2018-APHIS-00902-F, and aver that Defendants provided a response to ASPCA, dated December 10, 2018, in which Defendants released 40 documents responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

70.     Defendants admit that ASPCA submitted a FOIA request, dated November 13, 2017, seeking September 2017 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's November 13, 2017 request was received by APHIS and assigned tracking number 2018-APHIS-00904-F, and aver that Defendants provided a response to ASPCA, dated April 10, 2019, in which Defendants released 566 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), (7)(C).

71.     Defendants admit that ASPCA submitted a FOIA request, dated March 29, 2018, seeking January 2018 and February 2018 inspection reports and photographs (to include all inspectors' notes pertaining to the photographs) for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's March 29, 2018 request was received by APHIS and assigned tracking number 2018-APHIS-03223-F, and aver that Defendants provided a response to ASPCA, dated March 29, 2019, in which Defendants released 632 pages of records responsive to

ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

72.     Defendants admit that ASPCA submitted a FOIA request, dated April 13, 2018, seeking (i) any and all records for the year 2018 related to an individual licensee, including, but not limited to, all inspectors' notes and photographs taken during or concerning the Inspection, (ii) any and all records relating to any appeal of the violation observed during the Inspection submitted by or on behalf of the individual licensee, including, but not limited to, any appeal letter, supporting or supplementary documentation, or correspondence submitted to APHIS by the individual licensee, and (iii) any and all records relating to APHIS' consideration of and decision(s) considering the individual licensee's appeal, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's April 13, 2018 request was received by APHIS and assigned tracking number 2018-APHIS-03517-F, and aver that Defendants provided a response to ASPCA, dated July 1, 2019, in which Defendants released 91 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4), (b)(6), (b)(7)(C), and (b)(7)(D).  *See* 5 U.S.C. § 552(b)(4), (6), (7)(C) and (7)(D).

73.     Defendants admit that ASPCA submitted a FOIA request, dated June 7, 2018, seeking eight categories of information related to an individual licensee, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's June 7, 2018 request was received by APHIS and assigned tracking number 2018-APHIS-04457-F, and aver that Defendants provided a response to ASPCA, dated July 1, 2019, in which Defendants released 2,248 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemption (b)(6).  *See* 5 U.S.C. § 552(b)(6).

74.     Defendants admit that ASPCA submitted a FOIA request, dated July 2, 2018, seeking all documents from Animal Welfare enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for May and June 2018, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 2, 2018 request was received by APHIS and assigned tracking number 2018-APHIS-04905-F, and aver that Defendants provided a response to ASPCA, dated April 11, 2019, in which Defendants stated that they located two documents responsive to ASPCA's request, both of which are available online, and provided the link to ASPCA.

75.     Defendants admit that ASPCA submitted a FOIA request, dated July 2, 2018, seeking license renewal forms for an individual licensee for 2016, 2017 and 2018, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 2, 2018 request was received by APHIS and assigned tracking number 2018-APHIS-04902-F, and aver that Defendants provided a response to ASPCA, dated April 25, 2019, in which Defendants released 6 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4), (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(4), (b)(6), and (7)(C).

76.     Defendants admit that ASPCA submitted a FOIA request, dated October 1, 2018, seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc.) for September 2018, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's October 1, 2018 request was received by APHIS and assigned tracking number 2019-APHIS-00011-F, and aver that Defendants provided a response to ASPCA, dated February 13, 2019, in which Defendants released 7 pages of records responsive

to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).

77.     Defendants admit that ASPCA submitted a FOIA request, dated October 1, 2018, seeking September 2018 inspection reports, photographs (to include all inspectors' notes pertaining to the photographs) and videos for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's October 1, 2018 request was received by APHIS and assigned tracking number 2019-APHIS-00017-F, and aver that Defendants provided a response to ASPCA, dated April 17, 2019, in which Defendants released 1 video and 263 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), and (7)(C).

78.     Defendants admit that ASPCA submitted a FOIA request, dated November 2, 2018, seeking October 2018 inspection reports, photographs (to include all inspectors' notes pertaining to the photographs) and videos for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's July 2, 2018 request was received by APHIS and assigned tracking number 2019-APHIS-00751-F, and aver that Defendants provided a response to ASPCA, dated April 12, 2019, in which Defendants released 266 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), and (7)(C).

79.     Defendants admit that ASPCA submitted a FOIA request, dated December 3, 2018, seeking November 2018 inspection reports, photographs (to include all inspectors'

pertaining to the photographs) and videos for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's December 3, 2018 request was received by APHIS and assigned tracking number 2019-APHIS-01229-F, and aver that Defendants provided a response to ASPCA, dated March 28, 2019, in which Defendants released 3 videos and 245 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), (7)(C).

80.     Defendants admit that ASPCA submitted a FOIA request, dated December 4, 2018, seeking all records related to an individual licensee to include: license applications, inspection reports, photographs (to include all inspectors' notes pertaining to the photographs) and videos, Animal Welfare Act enforcement actions (7060s, Complaints, decisions and orders, pre-settlement agreements, stipulations, etc…) from 2015 through the present, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's December 4, 2018 request was received by APHIS and assigned tracking number 2019-APHIS-01263-F, and aver that Defendants provided a partial response to ASPCA, dated April 17, 2019, in which Defendants released 167 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C), and an additional response to ASPCA, dated May 3, 2019, in which Defendants released an additional four pages of records responsive to ASPCA's request, which contained redactions pursuant to FOIA exemptions (b)(4) and (b)(6).  *See* 5 U.S.C. § 552(b)(4), (b)(6), and (7)(C).

81.     Defendants admit that ASPCA submitted a FOIA request, dated December 20, 2018, seeking all license revocations for 2016, 2017 and 2018, and Defendants respectfully refer

21

the Court to the request for the full contents therein.  Defendants further admit that ASPCA's

December 20, 2018 request was received by APHIS and assigned tracking number 2019-APHIS-

01565-F, and aver that Defendants provided a response to ASPCA, dated April 17, 2019, in which

Defendants stated that they located 217 pages of consent decisions and orders that are available

online, and provided the links to ASPCA, and released an additional 21 pages of records

responsive to ASPCA's request, some of which contained redactions pursuant to FOIA

exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), and (7)(C).

      82.     Defendants admit that ASPCA submitted a FOIA request, dated January 9, 2019,

seeking December 2018 inspection reports, photographs (to include all inspectors' notes

pertaining to the photographs) and videos for all dog breeders and dog dealers, and Defendants

respectfully refer the Court to the request for the full contents therein.  Defendants further admit

that ASPCA's January 9, 2019 request was received by APHIS and assigned tracking number

2019-APHIS-01671-F, and aver that Defendants provided a response to ASPCA, dated April 12,

2019, in which Defendants released 5 videos and 191 pages of records responsive to ASPCA's

request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).

*See* 5 U.S.C. § 552(b)(6), and (7)(C).

      83.     Defendants admit that ASPCA submitted a FOIA request, dated January 9, 2019,

seeking all documents from Animal Welfare Act enforcement actions (7060s, Complaints,

decisions and orders, pre-settlement agreements, stipulations, etc.) for December 2018, and

Defendants respectfully refer the Court to the request for the full contents therein.  Defendants

further admit that ASPCA's January 9, 2019 request was received by APHIS and assigned

tracking number 2019-APHIS-01674-F, and aver that Defendants provided a response to ASPCA,

dated April 15, 2019, in which Defendants released 3 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), and (7)(C).

84.     Defendants admit that ASPCA submitted a FOIA request, dated April 1, 2019, seeking March 2019 inspection reports, photographs (to include all inspectors' notes pertaining to the photographs) and videos for all dog breeders and dog dealers, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's April 1, 2019 request was received by APHIS and assigned tracking number 2019-APHIS-03141-F, and aver that Defendants provided a response to ASPCA, dated June 25, 2019, in which Defendants released 291 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).   *See* 5 U.S.C. § 552(b)(6), and (7)(C).

85.     Defendants admit the allegations contained in paragraph 85 of the amended complaint, and respectfully refer the Court to ASPCA's requests for the full contents therein.

86.     The allegations in paragraph 86 of the amended complaint consist of legal argument, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 86 of the amended complaint.

87.     Defendants admit the allegations contained in paragraph 87 of the amended complaint.

88.     Defendants admit the allegations contained in paragraph 88 of the amended complaint.

89.     Paragraph 89 of the amended complaint consists of Plaintiff's characterization of an APHIS inspection report, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the relevant inspection report, and deny the allegations to the extent they are inconsistent with the contents of the inspection report.

90.     Paragraph 90 of the amended complaint consists of Plaintiff's characterization of an APHIS inspection report, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the relevant inspection report, and deny the allegations to the extent they are inconsistent with the contents of the inspection report.

91.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91 of the amended complaint and on that basis deny the allegations.

92.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 of the amended complaint and on that basis deny the allegations.

93.     Defendants admit that ASPCA submitted a FOIA request, dated April 13, 2018, seeking (i) any and all records for the year 2018 related to an individual licensee, including, but not limited to, all inspectors' notes and photographs taken during or concerning the Inspection, (ii) any and all records relating to any appeal of the violation observed during the Inspection submitted by or on behalf of the individual licensee, including, but not limited to, any appeal letter, supporting or supplementary documentation, or correspondence submitted to APHIS by the individual licensee, and (iii) any and all records relating to APHIS' consideration of and decision(s) considering the individual licensee's appeal, and Defendants respectfully refer the

Court to the request for the full contents therein.  Defendants further admit that ASPCA's April 13, 2018 request was received by APHIS and assigned tracking number 2018-APHIS-03517-F.

94.    Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-03517-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 94 of the amended complaint.  Defendants aver that they provided a response to ASPCA, dated July 1, 2019, in which Defendants released 91 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4), (b)(6), (b)(7)(C), and (b)(7)(D).  *See* 5 U.S.C. § 552(b)(4), (6), (7)(C) and (7)(D).

95.    Paragraph 95 of the amended complaint consists of Plaintiff's characterization of an inspection report, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the relevant inspection report, and deny the allegations to the extent they are inconsistent with the contents of the inspection report.

96.    Paragraph 96 of the amended complaint consists of Plaintiff's characterization of an inspection report, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the relevant inspection report, and deny the allegations to the extent they are inconsistent with the contents of the inspection report.

97.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first clause of paragraph 97 of the amended complaint, and on that basis deny that allegation. The remainder of paragraph 97 of the amended complaint consists of Plaintiff's characterization of an inspection report, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the

25

relevant inspection report, and deny the allegations to the extent they are inconsistent with the contents of the inspection report.

98.     Defendants admit that ASPCA submitted a FOIA request, dated June 7, 2018, seeking eight categories of information related to an individual licensee, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's June 7, 2018 request was received by APHIS and assigned tracking number 2018-APHIS-04457-F.

99.     Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-04457-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 99 of the amended complaint.  Defendants aver that they provided a response to ASPCA, dated July 1, 2019, in which Defendants released 2,248 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemption (b)(6).  *See* 5 U.S.C. § 552(b)(6).

100.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first three sentences of paragraph 100 of the amended complaint and on that basis deny those allegations.  Defendants deny the allegations contained in the fourth sentence of paragraph 100 of the amended complaint.

101.    The allegations in paragraph 101 of the amended complaint consist of legal argument, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 101 of the amended complaint.

102.    Defendants admit that Ruby Fur Farm, Inc. is an entity licensed under the AWA.

103.    Paragraph 103 of the amended complaint consists of Plaintiff's characterization of information on a website, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the relevant website, and deny the allegations to the extent they are inconsistent with the contents of the website.

104.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 104 of the amended complaint and on that basis deny those allegations.  The remaining allegations contained in paragraph 104 of the amended complaint consist of Plaintiff's characterization of an inspection report, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the relevant inspection report and/or website for a complete and accurate statement of its contents.

105.    Defendants admit that ASPCA submitted a FOIA request, dated August 25, 2017, seeking all 2017 documentation related to an individual licensee, including but not limited to all correspondence, including all emails, photographs, videos (to include all inspectors' notes pertaining to the photographs and videos), inspection reports and enforcement records, and Defendants respectfully refer the Court to the request for the full contents therein.  Defendants further admit that ASPCA's August 25, 2017 request was received by APHIS and assigned tracking number 2017-APHIS-06300-F.

106.    Defendants deny that the July 24, 2017 inspection report was removed from the APHIS database, and aver that the inspection report was inadvertently made public pending the resolution of an appeal, and upon completion of an appeal, the revised inspection report was made publicly available through the public search tool on the APHIS website.  The second sentence of paragraph 106 of the amended complaint consists of Plaintiff's characterization

of information posted on a website, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the relevant inspection report, and deny the allegations to the extent they are inconsistent with the contents of the inspection report.

107.    Defendants deny the allegations contained in paragraph 107 of the amended complaint.

108.    Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-06300-F, within 20 days of receipt, and aver that they anticipate providing a determination on this request by the end of August 2019.

109.    Defendants aver that on May 23, 2018, ASPCA filed a complaint against Defendants in the Southern District of New York, civil case number 18-04559 (GBD). Defendants respectfully refer the Court to that document for the full contents therein.

110.    Defendants admit that they did not make a determination regarding Plaintiff's FOIA appeal numbers 2019-APHIS-00043-A, 2019-APHIS-00041-A, and 2018-APHIS-00462-A within 20 days of receipt, but otherwise deny the allegations contained in paragraph 110 of the amended complaint.

111.    Defendants admit the allegations contained in paragraph 111 of the amended complaint.

112.    Defendants admit the allegations contained in paragraph 112 of the amended complaint.

113.    Paragraph 113 of the amended complaint consists of Plaintiff's legal conclusions and characterization of its appeal of the March 27, 2017 request, dated August 4, 2018, to which no response is required.  To the extent a response required, Defendants admit

that Plaintiff submitted the appeal to Defendants and aver that Defendants responded to the appeal on February 13, 2019.

114.    Paragraph 114 of the amended complaint consists of Plaintiff's characterization of a FOIA request dated March 29, 2018, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs submitted the request to Defendants, it was assigned tracking number 2018-APHIS-03222, and respectfully refer the Court to that request for a complete and accurate statement of its contents.

115.    Paragraph 115 consists of Plaintiff's characterization of a response to the March 29, 2018 request dated August 12, 2018, to which no response is required.  To the extent a response is required, Defendants admit they provided a response, and respectfully refer the Court to that response for a complete and accurate statement of its contents.

116.    Paragraph 116 of the amended complaint consists of Plaintiff's legal conclusions and characterization of its appeal of the March 29, 2018 request, dated October 29, 2018, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff submitted the appeal to Defendants, and Defendants provided a response to Plaintiff.

117.    Defendants admit that ASPCA submitted a FOIA request, dated May 25, 2018, and assigned tracking number 2018-APHIS-04262-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

118.    Paragraph 118 of the amended complaint consists of Plaintiff's characterization of a response to the May 25, 2018 request dated April 18, 2019, to which no response is required.  To the extent a response is required, Defendants admit they provided a response,

and respectfully refer the Court to that response for a complete and accurate statement of its contents.

119.    Paragraph 119 of the amended complaint consists of Plaintiff's legal conclusions and characterization of its appeal of the May 25, 2018 request, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-0041-A, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 119 of the amended complaint.

120.    Paragraph 120 of the amended complaint consists of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

121.    The allegations in paragraph 121 of the amended complaint consist of characterizations of correspondence between counsel for Plaintiff and the U.S. Attorney's Office, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language of the correspondence, attached as Exhibit 1 to Plaintiff's complaint.

122.    The allegations of paragraph 122 of the amended complaint consists of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 122 of the amended complaint.

123.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123 of the amended complaint and on that basis deny the allegations.

124.    The allegations in paragraph 124 of the amended complaint consist of characterizations of a posting on Defendants' website, to which no response is required. Defendants deny the allegations to the extent they are inconsistent with the plain language of the cited website.

125.    Defendants deny the allegations contained in paragraph 125 of the amended complaint.

126.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 126 of the amended complaint and on that basis deny the allegations, except admit that paragraph 126 contains a link to a USDA website, which speaks for itself and is the best evidence of its content, and Defendants deny the allegations to the extent they are inconsistent with the full and accurate contents of the website.

127.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 127 of the amended complaint and on that basis deny the allegations, except admit that paragraph 127 contains a link to a USDA Office of Inspector General Audit Report from May 2010, which speaks for itself and is the best evidence of its content, and Defendants deny the allegations to the extent they are inconsistent with the full and accurate contents of the Audit Report.

128.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 128 of the amended complaint and on that basis deny the allegations, except admit that paragraph 128 refers to a USDA Office of Inspector General Audit Report from May 2010, which speaks for itself and is the best

evidence of its content, and Defendants deny the allegations to the extent they are inconsistent with the full and accurate contents of the Audit Report.

129.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first three sentences of paragraph 129 of the amended complaint and on that basis deny the allegations.  The citation following the first sentence of paragraph 129 refers to and quotes from a New Jersey statute, which speaks for itself and is the best evidence of its contents.  Defendants deny the allegations in that citation to the extent they are inconsistent with the plain language, meaning, or content of the New Jersey statute or with its legislative history.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first clause of the fourth sentence of paragraph 129 of the amended complaint and on that basis deny the allegations.  Defendants deny the allegations in the second clause of the fourth sentence of paragraph 129 of the amended complaint.

130.     Paragraph 130 of the amended complaint consists of legal conclusions and citations of case law, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

131.     The allegations in paragraph 131 of the amended complaint purport to characterize an email from a USDA Deputy Administrator, which speaks for itself and is the best evidence of its content.  Defendants deny the allegations to the extent they are inconsistent with the plain language of the email, and deny the allegations regarding ASPCA's position.

132.    Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 132 of the amended complaint and on that basis deny the allegations.

133.    Defendants deny the allegations contained in paragraph 133 of the amended complaint.

134.    The allegations in paragraph 134 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

135.    The allegations in paragraph 135 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

136.    The allegations in paragraph 136 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 136 of the amended complaint.

137.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

138.    The allegations in paragraph 138 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

139.    The allegations in paragraph 139 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.

33

Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

140.    The allegations in paragraph 140 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-03497-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 140 of the amended complaint.

141.    Defendants admit that ASPCA submitted a FOIA request, dated February 11, 2016, and assigned tracking number 2019-APHIS-03497-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

142.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-03497-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated May 21, 2019, in which Defendants released 394 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7).  *See* 5 U.S.C. § 552(b)(6)-(7).  The last clause of paragraph 142 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 142 of the amended complaint.

143.    Defendants deny the allegations contained in paragraph 143 of the amended complaint, and aver that Defendants provided a response to ASPCA, dated May 21, 2019, in which Defendants released 394 pages of records responsive to ASPCA's February 11, 2016

request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7). *See* 5 U.S.C. § 552(b)(6)-(7).

144.    The allegations in paragraph 144 of the amended complaint consist of legal conclusions, to which no response is required.   To the extent a response is required, Defendants deny the allegations contained in paragraph 144.

145.    The allegations in paragraph 145 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

146.    The allegations in paragraph 146 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 146 of the amended complaint.

147.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

148.    The allegations in paragraph 148 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

149.    The allegations in paragraph 149 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

150.    The allegations in paragraph 150 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required,

Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2016-APHIS-03302-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 150 of the amended complaint.

151.    Defendants admit that ASPCA submitted a FOIA request, dated April 13, 2016, and assigned tracking number 2016-APHIS-03302-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

152.    Defendants deny the allegations contained in paragraph 152 of the amended complaint, and aver that Defendants provided a response to ASPCA's FOIA request, 2016-APHIS-03302-F, dated August 30, 2018, in which Defendants released 461 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7), and notified ASPCA of its appeal rights.  *See* 5 U.S.C. § 552(b)(6)-(7). The last clause of paragraph 152 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 152 of the amended complaint.

153.    The allegations in paragraph 153 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 153.

154.    The allegations in paragraph 154 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

155.    Defendants admit the first sentence of paragraph 155 of the amended complaint. Defendants are without information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations in the second sentence of paragraph 155 of the amended complaint and on that basis deny those allegations.

156.    The allegations in paragraph 156 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 156 of the amended complaint.

157.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

158.    The allegations in paragraph 158 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

159.    The allegations in paragraph 159 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

160.    The allegations in paragraph 160 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2016-APHIS-04201-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 160 of the amended complaint.

161.    Defendants admit that ASPCA submitted a FOIA request, dated June 7, 2016, and assigned tracking number 2016-APHIS-04201-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

162.     Defendants deny the allegations contained in paragraph 162 of the amended complaint, and aver that Defendants provided a response to ASPCA's FOIA request, 2016-APHIS-04201-F, dated November 4, 2016, in which Defendants released 387 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4) and (b)(6), and notified ASPCA of its appeal rights.  *See* 5 U.S.C. § 552(b)(4), (6). The last clause of paragraph 162 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 162 of the amended complaint.

163.     The allegations in paragraph 163 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 163.

164.     The allegations in paragraph 164 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

165.     Defendants admit the first sentence of paragraph 165 of the amended complaint. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 165 of the amended complaint and on that basis deny those allegations.

166.     The allegations in paragraph 166 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 166 of the amended complaint.

167.     Defendants hereby incorporate their responses to paragraphs 1-136 above.

38

168.    The allegations in paragraph 168 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

169.    The allegations in paragraph 169 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

170.    The allegations in paragraph 170 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-03692-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 170 of the amended complaint.

171.    Defendants admit that ASPCA submitted a FOIA request, dated March 3, 2017, and assigned tracking number 2017-APHIS-03692-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

172.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-03692-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 19, 2019, in which Defendants released 84 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(c).  *See* 5 U.S.C. § 552(b)(6), (7)(c).  The last clause of paragraph 172 of the

amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 172 of the amended complaint.

173.    The allegations in paragraph 173 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 173.

174.    The allegations in paragraph 174 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

175.    The allegations in paragraph 175 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 175 of the amended complaint.

176.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

177.    The allegations in paragraph 177 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

178.    The allegations in paragraph 178 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

179.    The allegations in paragraph 179 of the amended complaint consist of

40

conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-03967-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 179 of the amended complaint.

180.    Defendants admit that ASPCA submitted a FOIA request, dated May 1, 2017, and assigned tracking number 2017-APHIS-03967-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

181.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-03967-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff. Defendants aver that they provided a response to ASPCA, dated July 1, 2019, in which Defendants released 768 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4), (b)(6), and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(4), (6), (7)(C).  The last clause of paragraph 181 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 181 of the amended complaint.

182.    The allegations in paragraph 182 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 182.

183.    The allegations in paragraph 183 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent

they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

184.   The allegations in paragraph 184 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 184 of the amended complaint.

185.   Defendants hereby incorporate their responses to paragraphs 1-136 above.

186.   The allegations in paragraph 186 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

187.   The allegations in paragraph 187 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

188.   The allegations in paragraph 188 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-05339-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 188 of the amended complaint.

189.   Defendants admit that ASPCA submitted a FOIA request, dated July 5, 2017, and assigned tracking number 2017-APHIS-05339-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

190.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-05339-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff. Defendants aver that they provided a response to ASPCA, dated April 11, 2019, in which Defendants released 1,177 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).  The last clause of paragraph 190 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 190 of the amended complaint.

191.    The allegations in paragraph 191 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 191.

192.    The allegations in paragraph 192 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

193.    The allegations in paragraph 193 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 193 of the amended complaint.

194.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

195.    The allegations in paragraph 195 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.

Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

196.   The allegations in paragraph 196 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

197.   The allegations in paragraph 197 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-05844-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 197 of the amended complaint.

198.   Defendants admit that ASPCA submitted a FOIA request, dated August 1, 2017, and assigned tracking number 2017-APHIS-5844-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

199.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-05844-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 17, 2019, in which Defendants released 45 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).  The last clause of paragraph 199 of the amended complaint consists of a legal conclusion, to which no response is required.  To the

extent a response is required, deny the allegations contained in the last clause of paragraph 199 of the amended complaint.

200.    The allegations in paragraph 200 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 200.

201.    The allegations in paragraph 201 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

202.    The allegations in paragraph 202 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 202 of the amended complaint.

203.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

204.    The allegations in paragraph 204 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

205.    The allegations in paragraph 205 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

206.    The allegations in paragraph 206 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required,

Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-06300-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 206 of the amended complaint.

207.   Defendants admit that ASPCA submitted a FOIA request, dated August 25, 2017, and assigned tracking number 2017-APHIS-6300-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

208.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-06300-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  The last clause of paragraph 208 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 208 of the amended complaint.

209.   Defendants admit the allegations contained in paragraph 209 of the amended complaint.

210.   The allegations in paragraph 210 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 210.

211.   The allegations in paragraph 211 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

212.    The allegations in paragraph 212 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 212 of the amended complaint.

213.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

214.    The allegations in paragraph 214 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

215.    The allegations in paragraph 215 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

216.    The allegations in paragraph 216 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-06369-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 216 of the amended complaint.

217.    Defendants admit that ASPCA submitted a FOIA request, dated August 29, 2017, and assigned tracking number 2017-APHIS-06369-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

218.    Defendants deny the allegations contained in paragraph 218 of the amended complaint, and aver that Defendants provided a response to ASPCA's FOIA request, 2017-APHIS-06369-F, dated October 5, 2018, in which Defendants released 3 videos and 950 pages

of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).  The last clause of paragraph 218 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 218 of the amended complaint.

219.    The allegations in paragraph 219 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 219.

220.    The allegations in paragraph 220 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

221.    Defendants admit the first sentence of paragraph 221 of the amended complaint. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 221 of the amended complaint and on that basis deny those allegations.

222.    The allegations in paragraph 222 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 222 of the amended complaint.

223.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

224.    The allegations in paragraph 224 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.

48

Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

225.   The allegations in paragraph 225 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

226.   The allegations in paragraph 226 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-06372-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 226 of the amended complaint.

227.   Defendants admit that ASPCA submitted a FOIA request, dated August 29, 2017, and assigned tracking number 2017-APHIS-06372-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

228.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-06372-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that Defendants provided a response to ASPCA, dated April 11, 2019, in which Defendants released 2 videos and 189 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).  The last clause of paragraph 228 of the amended complaint consists of a legal conclusion, to which no

response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 228 of the amended complaint.

229.    The allegations in paragraph 229 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 229.

230.    The allegations in paragraph 230 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

231.    The allegations in paragraph 231 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 231 of the amended complaint.

232.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

233.    The allegations in paragraph 233 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

234.    The allegations in paragraph 234 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

235.    The allegations in paragraph 235 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required,

Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2017-APHIS-00406-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 235 of the amended complaint.

236.    Defendants admit that ASPCA submitted a FOIA request, dated October 16, 2017, and assigned tracking number 2018-APHIS-00406-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

237.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-00406-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated May 15, 2019, in which Defendants informed Plaintiff that they identified no responsive records in response to ASPCA's request.  The last clause of paragraph 237 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 237 of the amended complaint.

238.    The allegations in paragraph 238 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 238.

239.    The allegations in paragraph 239 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

240.    The allegations in paragraph 240 of the amended complaint consist of

51

conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 240 of the amended complaint.

241.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

242.    The allegations in paragraph 242 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

243.    The allegations in paragraph 243 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

244.    The allegations in paragraph 244 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-00904-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 244 of the amended complaint.

245.    Defendants admit that ASPCA submitted a FOIA request, dated November 13, 2017, and assigned tracking number 2018-APHIS-00904-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

246.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-00904-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response

to ASPCA, dated April 10, 2019, in which Defendants released 3 videos and 950 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), (7)(C). The last clause of paragraph 246 of the amended complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, deny the allegations contained in the last clause of paragraph 246 of the amended complaint.

247. The allegations in paragraph 247 of the amended complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 247.

248. The allegations in paragraph 248 of the amended complaint consist of a legal conclusion, to which no response is required. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

249. The allegations in paragraph 249 of the amended complaint consist of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 249 of the amended complaint.

250. Defendants hereby incorporate their responses to paragraphs 1-136 above.

251. The allegations in paragraph 251 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

252. The allegations in paragraph 252 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content.

Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

253.   The allegations in paragraph 253 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-00902-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 253 of the amended complaint.

254.   Defendants admit that ASPCA submitted a FOIA request, dated November 13, 2017, and assigned tracking number 2018-APHIS-00902-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

255.   Defendants deny the allegations contained in paragraph 255 of the amended complaint, and aver that Defendants provided a response to ASPCA's FOIA request, 2018-APHIS-00902-F, dated December 10, 2018, in which Defendants released 40 documents responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), (7)(C).  The last clause of paragraph 255 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 255 of the amended complaint.

256.   The allegations in paragraph 256 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 256.

257.   The allegations in paragraph 257 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent

they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

258.    Defendants admit the first sentence of paragraph 258 of the amended complaint. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 258 of the amended complaint and on that basis deny those allegations.

259.    The allegations in paragraph 259 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 259 of the amended complaint.

260.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

261.    The allegations in paragraph 261 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

262.    The allegations in paragraph 262 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

263.    The allegations in paragraph 263 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-03517-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 263 of the amended complaint.

264.    Defendants admit that ASPCA submitted a FOIA request, dated April 13, 2018, and assigned tracking number 2018-APHIS-03517-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

265.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-03517-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated July 1, 2019, in which Defendants released 91 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4), (b)(6), (b)(7)(C), and (b)(7)(D).  *See* 5 U.S.C. § 552(b)(4), (6), (7)(C) and (7)(D).  The last clause of paragraph 265 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 265 of the amended complaint.

266.    Defendants admit that as of May 31, 2019, they had not released records responsive to Plaintiff's April 13, 2018 FOIA request, 2018-APHIS-03517-F.

267.    The allegations in paragraph 267 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 267.

268.    The allegations in paragraph 268 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

269.    The allegations in paragraph 269 of the amended complaint consist of

conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 269 of the amended complaint.

270.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

271.    The allegations in paragraph 271 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

272.    The allegations in paragraph 272 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

273.    The allegations in paragraph 273 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-04457-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 273 of the amended complaint.

274.    Defendants admit that ASPCA submitted a FOIA request, dated June 7, 2018, and assigned tracking number 2018-APHIS-04457-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

275.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-04457-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response

to ASPCA, dated July 1, 2019, in which Defendants released 2,248 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemption (b)(6). *See* 5 U.S.C. § 552(b)(6). The last clause of paragraph 275 of the amended complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, deny the allegations contained in the last clause of paragraph 275 of the amended complaint.

276. Defendants admit that as of May 31, 2019, they had not released records responsive to Plaintiff's June 7, 2018 FOIA request, 2018-APHIS-04457-F.

277. The allegations in paragraph 277 of the amended complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 277.

278. The allegations in paragraph 278 of the amended complaint consist of a legal conclusion, to which no response is required. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

279. The allegations in paragraph 279 of the amended complaint consist of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 279 of the amended complaint.

280. Defendants hereby incorporate their responses to paragraphs 1-136 above.

281. The allegations in paragraph 281 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

282.    The allegations in paragraph 282 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

283.    The allegations in paragraph 283 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-04905-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 283 of the amended complaint.

284.    Defendants admit that ASPCA submitted a FOIA request, dated July 2, 2018, and assigned tracking number 2018-APHIS-04905-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

285.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-04905-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 11, 2019, in which Defendants stated that they located two documents responsive to ASPCA's request, which are available online, and provided the link to ASPCA. The last clause of paragraph 285 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 285 of the amended complaint.

286.    The allegations in paragraph 286 of the amended complaint consist of legal conclusions, to which no response is required.   To the extent a response is required,

59

Defendants deny the allegations contained in paragraph 286.

287.    The allegations in paragraph 287 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

288.    The allegations in paragraph 288 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 288 of the amended complaint.

289.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

290.    The allegations in paragraph 290 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

291.    The allegations in paragraph 291 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

292.    The allegations in paragraph 292 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-04902-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 292 of the amended complaint.

293.    Defendants admit that ASPCA submitted a FOIA request, dated July 2, 2018,

and assigned tracking number 2018-APHIS-04902-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

294.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2018-APHIS-04902-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 25, 2019, in which Defendants released 6 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(4), (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(4), (b)(6), and (7)(C).  The last clause of paragraph 294 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 294 of the amended complaint.

295.    The allegations in paragraph 295 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 295.

296.    The allegations in paragraph 296 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

297.    The allegations in paragraph 297 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 297 of the amended complaint.

298.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

299.   The allegations in paragraph 299 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

300.   The allegations in paragraph 300 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

301.   The allegations in paragraph 301 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-00017-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 301 of the amended complaint.

302.   Defendants admit that ASPCA submitted a FOIA request, dated October 1, 2018, and assigned tracking number 2019-APHIS-00017-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

303.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-00017-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 17, 2019, in which Defendants released 1 video and 263 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), and (7)(C).  The last clause

of paragraph 303 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 303 of the amended complaint.

304.    The allegations in paragraph 304 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 304.

305.    The allegations in paragraph 305 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

306.    The allegations in paragraph 306 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 306 of the amended complaint.

307.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

308.    The allegations in paragraph 308 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

309.    The allegations in paragraph 309 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

310.    The allegations in paragraph 310 of the amended complaint consist of

conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-00751-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 310 of the amended complaint.

311.   Defendants admit that ASPCA submitted a FOIA request, dated November 2, 2018, and assigned tracking number 2019-APHIS-00751-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

312.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-00751-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 12, 2019, in which Defendants released 266 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), and (7)(C).  The last clause of paragraph 312 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 312 of the amended complaint.

313.   The allegations in paragraph 313 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 313.

314.   The allegations in paragraph 314 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its

legislative history.

315.    The allegations in paragraph 315 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 315 of the amended complaint.

316.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

317.    The allegations in paragraph 317 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

318.    The allegations in paragraph 318 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

319.    The allegations in paragraph 319 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01263-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 319 of the amended complaint.

320.    Defendants admit that ASPCA submitted a FOIA request, dated December 4, 2018, and assigned tracking number 2019-APHIS-01263-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

321.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01263-F, within 20 days of receipt, they did

not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a partial response to ASPCA, dated April 17, 2019, in which Defendants released 167 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C), and an additional response to ASPCA, dated May 3, 2019, in which Defendants released an additional four pages of records responsive to ASPCA's request, which contained redactions pursuant to FOIA exemptions (b)(4) and (b)(6).  *See* 5 U.S.C. § 552(b)(4), (b)(6), and (7)(C).  The last clause of paragraph 321 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 321 of the amended complaint.

322.    The allegations in paragraph 322 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 322.

323.    The allegations in paragraph 323 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

324.    The allegations in paragraph 324 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 324 of the amended complaint.

325.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

326.    The allegations in paragraph 326 of the amended complaint purport to

characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

327.   The allegations in paragraph 327 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

328.   The allegations in paragraph 328 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01565-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 328 of the amended complaint.

329.   Defendants admit that ASPCA submitted a FOIA request, dated December 20, 2018, and assigned tracking number 2019-APHIS-01565-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

330.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01565-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 17, 2019, in which Defendants stated that they located 217 pages of consent decisions and orders that are available online, and provided the links to ASPCA, and released an additional 21 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C.

§ 552(b)(6), and (7)(C).  The last clause of paragraph 330 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 330 of the amended complaint.

331.    The allegations in paragraph 331 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 331.

332.    Paragraph 332 of the amended complaint consists of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

333.    The allegations in paragraph 333 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 333 of the amended complaint.

334.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

335.    The allegations in paragraph 335 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

336.    The allegations in paragraph 336 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

337.    The allegations in paragraph 337 of the amended complaint consist of

conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01671-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 337 of the amended complaint.

338.    Defendants admit that ASPCA submitted a FOIA request, dated January 9, 2019, and assigned tracking number 2019-APHIS-01671-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

339.    Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01671-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 12, 2019, in which Defendants released 5 videos and 191 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), and (7)(C).  The last clause of paragraph 339 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 339 of the amended complaint.

340.    The allegations in paragraph 340 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 340.

341.    The allegations in paragraph 341 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its

69

legislative history.

342.   The allegations in paragraph 342 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 342 of the amended complaint.

343.   Defendants hereby incorporate their responses to paragraphs 1-136 above.

344.   The allegations in paragraph 344 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

345.   The allegations in paragraph 345 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

346.   The allegations in paragraph 346 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01674-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 346 of the amended complaint.

347.   Defendants admit that ASPCA submitted a FOIA request, dated January 9, 2019, and assigned tracking number 2019-APHIS-01674-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

348.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-01674-F, within 20 days of receipt, they did

70

not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated April 15, 2019, in which Defendants released 3 pages of records responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C).  *See* 5 U.S.C. § 552(b)(6), and (7)(C).  The last clause of paragraph 348 of the amended complaint consists of a legal conclusion, to which no response is required.  To the extent a response is required, deny the allegations contained in the last clause of paragraph 348 of the amended complaint.

349.    The allegations in paragraph 349 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 349.

350.    The allegations in paragraph 350 of the amended complaint consist of a legal conclusion, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

351.    The allegations in paragraph 351 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 351 of the amended complaint.

352.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

353.    The allegations in paragraph 353 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

71

354.    The allegations in paragraph 354 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-0043-A, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 354 of the amended complaint.

355.    Defendants admit that ASPCA submitted a FOIA request, dated March 29, 2018, and assigned tracking number 2017-APHIS-03967-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

356.    The allegations in paragraph 356 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 356.

357.    The allegations in paragraph 357 of the amended complaint consist of legal conclusions, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

358.    The allegations in paragraph 358 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 358.

359.    The allegations in paragraph 359 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 359 of the amended complaint.

360.    Defendants hereby incorporate their responses to paragraphs 1-136 above.

361.    The allegations in paragraph 361 of the amended complaint purport to

characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

362.    The allegations in paragraph 362 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-0041-A, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 362 of the amended complaint.

363.    Defendants admit that ASPCA submitted a FOIA request, dated May 25, 2018, and assigned tracking number 2018-APHIS-04262-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

364.    The allegations in paragraph 364 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 364.

365.    The allegations in paragraph 365 of the amended complaint consist of legal conclusions, to which no response is required.  Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

366.    The allegations in paragraph 366 of the amended complaint consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 366..

367.    The allegations in paragraph 367 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required,

Defendants deny the allegations contained in paragraph 367 of the amended complaint.

368.   Defendants hereby incorporate their responses to paragraphs 1-136 above.

369.   The allegations in paragraph 369 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

370.   The allegations in paragraph 370 of the amended complaint purport to characterize the FOIA, which speaks for itself and is the best evidence of its content. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

371.   The allegations in paragraph 371 of the amended complaint consist of conclusions of law, to which no response is required.  To the extent a response is required, Defendants admit that they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-03141-F, within 20 days of receipt, but otherwise deny the allegations contained in paragraph 371 of the amended complaint.

372.   Defendants admit that ASPCA submitted a FOIA request, dated April 1, 2019, and assigned tracking number 2019-APHIS-03141-F, seeking certain agency records, and Defendants respectfully refer the Court to the request for the full contents therein.

373.   Defendants admit that as of April 8, 2019, they did not make a determination regarding Plaintiff's FOIA request, 2019-APHIS-03141-F, within 20 days of receipt, they did not notify Plaintiff of any determination, they did not advise Plaintiff of the right to appeal, and they did not release records to Plaintiff.  Defendants aver that they provided a response to ASPCA, dated June 25, 2019, in which Defendants released 291 pages of records

responsive to ASPCA's request, some of which contained redactions pursuant to FOIA exemptions (b)(6) and (b)(7)(C). *See* 5 U.S.C. § 552(b)(6), and (7)(C). The last clause of paragraph 373 of the amended complaint consists of a legal conclusion, to which no response is required. To the extent a response is required, deny the allegations contained in the last clause of paragraph 373 of the amended complaint.

374.   Defendants admit that as of May 31, 2019, they had not released records responsive to Plaintiff's April 1, 2019 FOIA request, 2019-APHIS-03141-F.

375.   The allegations in paragraph 375 of the amended complaint consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 375.

376.   The allegations in paragraph 376 of the amended complaint consist of legal conclusions, to which no response is required. Defendants deny the allegations to the extent they are inconsistent with the plain language, meaning, or content of the FOIA or with its legislative history.

377.   The allegations in paragraph 377 of the amended complaint consist of conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 377 of the amended complaint.

378.   Defendants hereby incorporate their responses to paragraphs 1-136 above.

379.   Defendants deny the allegations contained in paragraph 379 of the amended complaint.

380.   Defendants deny the allegations contained in paragraph 380 of the amended complaint.

381.   Defendants deny the allegations contained in paragraph 381 of the amended

complaint.

382.   The paragraph following paragraph 381 of the amended complaint consists of Plaintiff's prayer for relief, to which no response is required.

<strong><u>DEFENSES</u></strong>

For further defenses, Defendants allege as follows:

<strong><u>FIRST DEFENSE</u></strong>

The amended complaint fails to state a claim upon which relief can be granted.

<strong><u>SECOND DEFENSE</u></strong>

Some or all of the requested documents are exempt from disclosure, in whole or in part, and Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemptions or exclusions.  *See* 5 U.S.C. § 552(b).

<strong><u>THIRD DEFENSE</u></strong>

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

<strong><u>FOURTH DEFENSE</u></strong>

The Court lacks subject matter jurisdiction over Plaintiff's requests for any relief beyond the scope of Plaintiff's FOIA requests at issue in this suit.

<strong><u>FIFTH DEFENSE</u></strong>

Plaintiff is not entitled to attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

<strong><u>SIXTH DEFENSE</u></strong>

At all times alleged in the Complaint, Defendants were acting in good faith, with justification and pursuant to authority, and exceptional circumstances necessitate additional time for Defendants to process Plaintiff's FOIA requests and appeals.

Defendants may have additional defenses which are not known at this time but which

76

may become known through further proceedings.  Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully requests that the Court:  (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
       August 12, 2019

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By:    /s/ Natasha W. Teleanu
       NATASHA W. TELEANU
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2528
       Fax: (212) 637-2786
       E-mail: natasha.teleanu@usdoj.gov