UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
AMERICAN SOCIETY FOR THE                 :
PREVENTION OF CRUELTY TO ANIMALS,        :
                                         :
            Plaintiff,                   :
                                         :
       v.                                :   Civil Action No. 1:19-cv-3112-NRB
                                         :
THE ANIMAL AND PLANT HEALTH              :
INSPECTION SERVICE, and                  :
THE UNITED STATES DEPARTMENT             :
OF AGRICULTURE,                          :
                                         :
            Defendants.                  :
                                         :
---------------------------------------- X

### DECLARATION OF ROBERT G. HENSLEY, JR. IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

I, Robert G. Hensley, Jr., hereby make the following declaration in support of Plaintiff's, the American Society for the Prevention of Cruelty to Animals ("ASPCA"), Cross-Motion for Summary Judgment ("Cross-Motion") in the above-captioned case under 28 U.S.C. § 1746.

1. I currently serve as Senior Counsel, Legal Advocacy and Investigations, Policy, Response and Engagement, for the ASPCA. I have been in this role since March 2015. My responsibilities include managing the department's civil litigation matters, serving as legislative counsel to the ASPCA's Government Relations team, and overseeing the ASPCA's Puppy Mill Initiative.

2. I have personal knowledge of the matters described herein, and, if called to testify as to them, could and would do so.

3. Plaintiff ASPCA is a not-for-profit corporation that the New York State legislature incorporated in 1866 by a special act. The ASPCA's mission is to provide an effective means for the prevention of cruelty to animals throughout the United States. It is North America's oldest humane organization, and one of the largest in existence today, with roughly 3 million supporters nationwide.

4. Defendants administer the Animal Welfare Act ("AWA").

5. **Exhibit 1** to the Cross-Motion is a true and correct copy of a response to ASPCA's FOIA request (2018-APHIS-03517-F) at Bates No. 000090 exemplifying the types of information AWA licensees submit to Defendants in an annual Application for License, including the total number of animals purchased, sold, gross amount derived from all sales, and the amount of fees paid in the last year ("Block 10 Information").

6. Defendants' enforcement of the AWA has been the subject of much consternation, including by the USDA's own Office of the Inspector General ("OIG"). The OIG has issued a number of reports finding Defendants' activities woefully deficient. *See, e.g.*, USDA OIG, *APHIS: Animal Welfare Act – Marine Mammals (Cetaceans)* (May 2017), *available at* https://www.usda.gov/oig/webdocs/33601-0001-31.pdf; USDA OIG, *Controls Over APHIS Licensing of Animal Exhibitors* (June 2010), *available at* http://www.usda.gov/oig/webdocs/33601-10-CH.pdf; USDA OIG, *APHIS Animal Care Program Inspections of Problematic Dealers* (May 2010) *available at* https://www.usda.gov/oig/webdocs/33001-4-SF.pdf; USDA OIG, *APHIS Animal Care Program Inspection and Enforcement Activities* (Sept. 2005); *available at* https://www.usda.gov/oig/webdocs/33601-0002-41.pdf.

7.      **Exhibit 2** to the Cross-Motion is a true and correct copy of USDA, *Chief Freedom of Information Act Officer Report* (Mar. 2010) describing the access that the Agencies provided, as early as 2009, to records of inspections of AWA-licensed facilities and enforcement actions taken by Defendants against licensees for AWA violations online, including through databases maintained by Defendants on their website ("Databases"), resulting in a nearly 35% decrease in APHIS' FOIA requests the following year.

8.      **Exhibit 3** to the Cross-Motion is a true and correct copy of a June 19, 2009 memorandum from Administrator Kevin Shea in which he described facility inspection reports as "the most frequently requested APHIS records under the FOIA."

9.      The ASPCA regularly reviewed inspection and enforcement action records for commercial breeders, which were immediately accessible through the Database. In addition to reviewing the Database, the ASPCA routinely submitted FOIA requests to Defendants seeking the corresponding inspection photographs that were not available on the Database. Together, these records provide critical information about Defendants' administration and enforcement of the AWA. For example, by matching inspection photographs to their corresponding inspection reports and comparing them against enforcement action records, the public may determine whether Defendants are documenting AWA violations sufficiently to support enforcement action.

10.     Prior to 2017, licensee names, business addresses, license numbers, and other information, including microchip numbers, appearing in inspection reports posted on the Databases were released unredacted.

11.     [Paragraph intentionally omitted.]

12. **Exhibit 4** to the Cross-Motion is a true and correct copy of Ms. Woods' February 17, 2012 memorandum (Bates No. HSUS v. USDA – 005525) that was part of the administrative record in the *Jurewicz* litigation (Case No. 1:10-cv-01683-JEB (D.D.C.)) as ECF Dkt. No. 50-2.

13. On or about February 2, 2017, USDA abruptly blocked public access to the Database, referencing their "commit[ment] to being transparent," and instead directed the public to submit individual Freedom of Information Act ("FOIA") requests for the information previously available online. *See* **Exhibit 5** to the Cross-Motion which is a true and correct copy of *Updates to APHIS' Website Involving Animal Welfare Act and Horse Protection Act Compliance Information*, USDA-APHIS (Feb. 2, 2017), *available at* https://www.aphis.usda.gov/aphis/newsroom/factsheets/faq-privacy-act.

14. This information blackout not only stifled the ASPCA's ability to monitor Defendants' administration and enforcement of the AWA, but it also undermined state and local regulatory structures that were premised on the availability of these records and deprived the public, policy-makers, and law enforcement of vital information about the commercial breeding industry.

15. As instructed, the ASPCA submitted regular FOIA requests to Defendants seeking inspection report, photographs, videos and enforcement action records for dog breeders and dealers licensed under the AWA.

16. Defendants' backlog of FOIA requests now numbers in the thousands. *See* **Exhibit 6** to the Cross-Motion which is a true and correct copy of USDA's Report on the FOIA requests received by USDA at their website *available at* https://www.foia.gov/glance.html?USDA.

17. Defendants' backlog increased over 12% between 2018 and 2019. *See* **Exhibit 7** to the Cross-Motion which is a true and correct copy of USDA, *Chief Freedom of Information Act Officer Report* (Mar. 2020), *available at* https://www.dm.usda.gov/foia/docs/2020%20USDA-CHIEF-FOIA-OFFICER-REPORT.docx, p. 14.

18. Nevertheless, the Agencies' Departmental FOIA Office *eliminated* monthly reporting requirements for FOIA units, including confirmation that program offices are timely returning records, that were part of the USDA's previous backlog reduction plan. *See id*. at p. 16; *see also* **Exhibit 8** to the Cross-Motion which is a true and correct copy of the August 27, 2019 letter from Andrea McNally (APHIS) to me (in regards to amended FOIA request 2019-APHIS-05538-F).

19. In FY 2018, APHIS failed to issue a determination within FOIA's 20-day period statutory deadline for 1,080 out of 1,233 simple requests, or 87% percent of the time. *See* **Exhibit 9** to the Cross-Motion which is a true and correct copy of the USDA Freedom of Information Act Annual Report FY 2018, *available at* https://www.dm.usda.gov/foia/docs/USDAFY18Final.docx, p. 32.

20. Of the simple FOIA requests APHIS responded to in FY 2018, 824 out of 1,233, or 66% of them, took over 100 days to close. *Id.*

21. In FY 2019, APHIS responded late to 884 out of 1,065 simple requests, or 83% of the time. *See* **Exhibit 10** to the Cross-Motion which is a true and correct copy of the USDA Freedom of Information Act Annual Report FY 2019, *available at* https://www.dm.usda.gov/foia/docs/USDAFY19Final.docx, at p. 25.

22. The ASPCA submitted the 26 separate FOIA requests that are at issue in this litigation to Defendants. APHIS has never notified the ASPCA that any of the ASPCA's FOIA requests at issue here have been designated "complex."

23. In good faith, the ASPCA waited months, and in some cases years, for responses before filing this lawsuit.

24. After the ASPCA instituted this action, the Agencies finally produced records in response to the ASPCA's requests, although they were heavily redacted. In fact, within approximately three months of the ASPCA's filing, the Agencies processed 25 of the 26 requests at issue.

25. Defendants then undertook several rounds of "reprocessing" those records. Defendants have gradually released nearly all categories of previously withheld information in the records at issue here. The remaining withholdings that the ASPCA challenges are redactions the Agencies have claimed are justified under FOIA Exemptions 4 and 5.

26. The Agencies' practice of unlawful delay continues, as on May 7, 2020, the ASPCA was forced to inquire regarding the status of 21 FOIA requests the ASPCA submitted to the Agencies after this lawsuit was filed, all of which had exceeded the 20-day deadline for a response. **Exhibit 11** to the Cross-Motion is a true and correct copy of the ASPCA's letter to the Agencies on this topic.

27. APHIS responded, and stated that, of those 21 requests, only seven had been completed, and six of those seven were completed after receiving the ASPCA's May 7 letter. **Exhibit 12** to the Cross-Motion is a true and correct copy of APHIS' response (May 14, 2020 email from Tonya Woods to myself).

28. **Exhibit 13** to the Cross-Motion is a true and correct copy of an e-mail from J. Niemann (APHIS) to C. Fleming (Pinnacle) (May 23, 2018) produced as Bates No. 001533-35 to FOIA request 2018-APHIS-04457-F.

29. **Exhibit 14** to the Cross-Motion is a true and correct copy of a redacted photograph produced in response to APHIS FOIA request (2017-APHIS-03967-F) and identified as Bates No. 000769.

30. **Exhibit 15** to the Cross-Motion are true and correct copies of Applications for Licenses by Sobrad L.L.C. ("Sobrad") produced in response to ASPCA's FOIA request (2018-APHIS-04902-F) with Bates Nos. 000002, 000004, 000006.

31. **Exhibit 16** to the Cross-Motion are true and correct copies of Applications for Licenses by Classy Creations (Lyons, NY) produced in response to ASPCA's FOIA request (2019-APHIS-01263-F) with Bates Nos. 000001-4.

32. **Exhibit 17** to the Cross-Motion is a true and correct copy of an August 1, 2017 email from Heather Cole (APHIS) to Robert Gibbens (APHIS) regarding Ruby Fur Farm, Inc. (New Sharon, IA) ("Ruby Fur Farm"), attaching a memorandum regarding same, and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 000465-67.

33. **Exhibit 18** to the Cross-Motion is a true and correct copy of an August 31, 2017 letter from Bernadette Juarez (APHIS) to Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates No. 000810.

34. **Exhibit 19** to the Cross-Motion is a true and correct copy of a July 22, 2017-July 23, 2017 email chain including Robert Gibbens (APHIS), Bernadette Juarez (APHIS), *et al*. regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 000580-581.

35. **Exhibit 20** to the Cross-Motion is a true and correct copy of a July 24, 2017-July 25, 2017 email chain including Bernadette Juarez (APHIS), Carrie Ricci (OGC), Sam Clovis (OSEC), The Cavalry Group, *et al*. regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 000332-334.

36. **Exhibit 21** to the Cross-Motion is a true and correct copy of a July 26, 2017 email from Bernadette Juarez (APHIS) to Heather Cole (APHIS), *et al*. regarding Ruby Fur Farm, attaching a completely redacted complaint and a completely redacted memorandum regarding same, and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 000369-380.

37. **Exhibit 22** to the Cross-Motion is a true and correct copy of a July 25, 2017-July 26, 2017 email chain including Bernadette Juarez (APHIS), Kevin Shea (APHIS), Sam Clovis (OSEC), *et al*. regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 000410-412.

38. **Exhibit 23** to the Cross-Motion is a true and correct copy of a July 24, 2017-July 27, 2017 email chain including Jere Dick (APHIS), Bernadette Juarez (APHIS), Kevin Shea (APHIS), *et al*. regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 000451-453.

39. **Exhibit 24** to the Cross-Motion is a true and correct copy of a July 25, 2017 email chain including Bernadette Juarez (APHIS), Robert Gibbens (APHIS), Carrie Ricci (OGC), *et al*. regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates No. 001479.

40. **Exhibit 25** to the Cross-Motion is a true and correct copy of the completely redacted attachments—a memorandum and inspection notes—to an email from Bernadette Juarez

(APHIS) to Carrie Ricci (OGC), *et al*. included in Exhibit 24 regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 001488-92.

41.     **Exhibit 26** to the Cross-Motion is a true and correct copy of a July 25, 2017 Inspection Report from Kelly Maxwell (Animal Care Inspector with APHIS) regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates No. 000727-28.

42.     **Exhibit 27** to the Cross-Motion is a true and correct copy of the webpage and search-generator for USDA APHIS, *AWA Inspection and Annual Reports*, *available at* https://www.aphis.usda.gov/aphis/ourfocus/animalwelfare/sa_awa/awa-inspection-and-annual-reports (last modified Sept. 10, 2019).

43.     **Exhibit 28** to the Cross-Motion is a true and correct copy of USDA, *Chief Freedom of Information Act Officer Report* (Mar. 2019), *available at* https://www.dm.usda.gov/foia/docs/2019-FINAL_USDA-CHIEF-FOIA.pdf.

44.     **Exhibit 29** to the Cross-Motion is a true and correct copy of USDA, *Freedom of Information Act Annual Report FY 2016*, *available at* https://www.dm.usda.gov/foia/docs/USDA%20FY16%20Final.docx.

45.     **Exhibit 30** to the Cross-Motion is a true and correct copy of USDA, *Freedom of Information Act Annual Report FY 2017*, *available at* https://www.dm.usda.gov/foia/docs/USDA+FY17+(Final).docx.

46.     **Exhibit 31** to the Cross-Motion is a true and correct copy of an April 25, 2019 letter from Larima Coleman (APHIS) to Gina Moraz (ASPCA) regarding ASPCA FOIA request, 2018-APHIS-04902-F, and license renewal forms for Sobrad.

47.     **Exhibit 32** to the Cross-Motion is a true and correct copy of a May 3, 2019 letter from Larima Coleman (APHIS) to Gina Moraz (ASPCA) regarding ASPCA FOIA request, 2019-APHIS-01263-F, and records related to Classy Creations.

48.     **Exhibit 33** to the Cross-Motion is a true and correct copy of a September 25, 2019 letter from Tonya Woods (APHIS) to Jennie Lintz (ASPCA) regarding this litigation and the final correspondence regarding ASPCA FOIA requests 2016-APHIS-04201-F, 2018-APHIS-03517-F, 2019-APHIS-01263-F, 2017-APHIS-03967-F, and 2018-APHIS-04457-F.

49.     **Exhibit 34** to the Cross-Motion is a true and correct copy of a February 25, 2020 letter from Tonya Woods (APHIS) to Jennie Lintz (ASPCA) regarding this litigation and Public Law No: 116-94, the *Further Consolidated Appropriations Act, 2020*.

50.     **Exhibit 35** to the Cross-Motion is a true and correct copy of a July 25, 2017 email chain including Bernadette Juarez (APHIS), Carrie Ricci (OGC) and Jason Casini (Whitfield & Eddy Law) regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates No. 000335.

51.     **Exhibit 36** to the Cross-Motion is a true and correct copy of a July 25, 2017 email chain including Bernadette Juarez (APHIS), Jason Casini (Whitfield & Eddy Law), The Cavalry Group, *et al*. regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates No. 000345.

52.     **Exhibit 37** to the Cross-Motion is a true and correct copy of an August 22, 2017 email from Mark Patterson (The Cavalry Group) to Stephen Vaden (OGC), *et al*. regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates Nos. 000513-14.

53.     **Exhibit 38** to the Cross-Motion is a true and correct copy of a July 25, 2017 email from Bernadette Juarez (APHIS) to Carrie Ricci (OGC) regarding Ruby Fur Farm and produced in response to ASPCA's FOIA request (2017-APHIS-06300-F) as Bates No. 000360.

54.     **Exhibit 39** to the Cross-Motion is a true and correct copy of an August 20, 2019 – September 23, 2019 email chain including Andrea McNally (APHIS), Alexis Graves (OCIO), Tonya Woods (APHIS) *et al.*, regarding Quarterly Report Data for Q1 and Q2 of FY19.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Dated:    May 18, 2020
Location: Durham, North Carolina

By: _____
Robert G. Hensley, Jr.

226115889